(37 App. Div. 534.)

RAFF et al. v. KOSTER, BIAL & CO.

(Supreme Court, Appellate Division, First Department. February 24. 1899.)

PLEADING—STRIKING ANSWER.
    An amended answer, consisting of a general denial and pleas of payment and a counterclaim for damages, should not be stricken out because of failure of defendant to serve a further bill of particulars as to special defenses, in accordance with an order of the court, but the defendant should be allowed the benefit of his general denial.

Appeal from special term, New York county.

Action by Norman C. Raff and another against Koster, Bial & Co. From an order striking out in all respects the amended answer of defendant, it appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

E. W. S. Johnston, for appellant.

J. H. Warner, for respondents.

VAN BRUNT, P. J.   This action was brought to recover damages for a breach of contract.   The amended answer consisted of allegations amounting to a general denial, payment, and a counterclaim for damages arising from a breach of the agreement alleged in the complaint and answer.   A bill of particulars having been ordered and served, an order was made, upon notice, directing the defendant to serve a further bill of particulars of the defendant's defenses and counterclaims.   The defendant served a further bill of particulars, which it is claimed failed to comply with the provisions of the order. Thereupon a motion was made to strike out the defendant's answer, which motion was granted, and from the order thereupon entered this appeal is taken. ·

In the consideration of the questions involved upon this appeal, the propriety of the orders directing the bill of particulars and the further bill of particulars is not before us, they not having been appealed from, and, so far as this appeal is concerned, the defendant was bound to comply with those orders.   Nor is it necessary to discuss the question as to the power of the court to strike out the entire answer of the defendant because of a failure to comply with an order to furnish a bill of particulars in respect to a counterclaim or defense contained in the answer, independent of the general denial; because it seems to us that, even assuming that the court had the power, it should not have stricken out the whole answer for the failure upon the part of the defendant to comply with the order requiring a bill of particulars of the counterclaim or of the affirmative defenses.   The defendant should have been allowed to have the benefit of its general denial, notwithstanding its failure to comply with the orders of the court affecting separate and distinct defenses.   A failure to comply with an order of the court of this character should not be visited with the penalty of having the whole of an answer stricken out, but rather an order should be made in harmony with the rules laid down in section 531 of the Code in respect to the furnishing of a bill of particulars of an account, where, if the party fails to furnish such bill of particulars when properly demanded, he is precluded from giving evidence of the account at the trial.

We think, therefore, that the order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.   All concur.