RAFF et al. v. KOSTER, BIAL & CO.

(Supreme Court, Appellate Division, First Department. March 24, 1899.)

1. JUDGMENT—EFFECT OF REVERSAL OF ORDER DIRECTING JUDGMENT.
   Where an order striking out an answer and an order directing a judgment on the complaint are reversed, a judgment entered in compliance with the latter order is invalid.

2. APPEAL FROM FINAL JUDGMENT—REVIEW OF INTERLOCUTORY ORDER.
   On appeal from a final judgment, an order granting a motion for a bill of particulars of defendant's defenses and counterclaims cannot be reviewed, under Code Civ. Proc. § 1316, providing that "an appeal taken from a final judgment, brings up for review * * * an intermediate order, which is specified in the notice of appeal, and necessarily affects the final judgment."

Appeal from special term, New York county.

Action by Norman C. Raff and another against Koster, Bial & Co. From a judgment for plaintiffs, entered upon an order of the court directing the clerk to enter judgment, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Edward W. S. Johnston, for appellant.
James Harold Warner, for respondents.

INGRAHAM, J. On July 27, 1898, an order was made requiring the defendant to serve a further bill of particulars of the defendant's defenses and counterclaims in the amended answer. In compliance with this order, it seems that the defendant served a bill of particulars, which the plaintiffs claimed was not a compliance with the order; and subsequently the plaintiffs moved upon affidavit for an order striking out the amended answer of the defendant, for noncompliance with said order requiring a further bill of particulars. That motion was granted, and it was ordered that the defendant's amended answer be in all respects stricken out. The plaintiffs then made a motion, upon notice, for an order directing the clerk to enter judgment for the plaintiffs for the sum of money and interest demanded in the complaint. This motion was granted, and the plaintiffs were given an additional allowance. Upon this order, judgment in favor

of the plaintiffs was ordered, and this appeal is from such judgment.

In the notice of appeal from the judgment, the appellant sought to review the order of July 27th, requiring the defendant to serve a further bill of particulars, and the order of November 7, 1898, striking out the amended answer of the defendant for failure to serve the bill of particulars, and the order of December 1, 1898, awarding the plaintiffs judgment upon such order so striking out said answer as aforesaid. It appears that the order of November 7th, striking out the amended answer of the defendant, and the order of December 1st awarding to the plaintiffs judgment upon the order striking out the said answer, were reversed by this court upon an appeal from such orders. 56 N. Y. Supp. 292. These orders having been reversed, the foundation of this judgment is gone, and the judgment so appealed from must therefore be reversed.

The plaintiffs, on this appeal, also seek to review the order granting the motion for a bill of particulars. That order, however, cannot be reviewed on the appeal from the judgment. Section 1316 of the Code provides that "an appeal taken from a final judgment, brings up for review * * * an intermediate order, which is specified in the notice of appeal, and necessarily affects the final judgment." An order for a bill of particulars is not such an order. A bill of particulars so required is simply an extension of the pleading in relation to which it is ordered, and has no relation to the final judgment. It does not "necessarily affect" the judgment, but has relation to preparing the issues to be presented to the court upon the trial. After a trial of the issues, it would not be material whether the bill of particulars had or had not been ordered; and the court would not be justified in reversing a judgment entered on a verdict, or on the decision of the special term, or the report of a referee, because a bill of particulars had been improperly required or refused. It is only orders which, if reversed, would take away the foundation of the judgment, or make the trial or the judgment entered invalid or without support, that can be reviewed on an appeal from the judgment. There is a plain distinction between orders that thus directly affect the judgment and orders which relate to the pleadings or procedure in the action. An order to amend a pleading, or for a bill of particulars, not necessarily affecting the final judgment, is not included within the orders that can be reviewed upon an appeal from the final judgment.

The judgment should be reversed, with costs to appellant to abide the event. All concur.