THE ROSLYN HEIGHTS LAND AND IMPROVEMENT COMPANY, Respondent, *v.* ROBERT BURROWES, Appellant, and Another.

*Counterclaim setting up a common-law claim — a trial by jury is proper, unless a long account is involved — framing of issues — not a bar to a motion for a reference.*

When a counterclaim sets forth a common-law claim the defendant is entitled to a trial by jury if he makes an application therefor as prescribed by section 970 of the Code of Civil Procedure, unless the counterclaim involves a long account, in which case the action is referable.

Where the defendant in an action, who is entitled to a jury trial upon his counterclaim, moves to have issues framed, and the application is opposed by the plaintiff on the ground that the counterclaim involves a long account, the motion should be granted of course unless resisted by a counter application for a reference.

An order directing the framing of issues is not a bar upon an application for a reference on the ground that a counterclaim involves a long account.

APPEAL by the defendant, Robert Burrowes, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Queens on the 28th day of July, 1893, denying the defendant's motion to have the issues in the above-entitled action framed.

*Roger M. Sherman*, for the appellant.

*J. E. Ludden*, for the respondent.

CULLEN, J. :

One of the defendant's counterclaims was a common-law claim. This, under the Code (§ 974), gave him the right to a trial as at common law if he made his application as prescribed by the Code (§ 970). (*Mackellar* v. *Rogers*, 109 N. Y. 468.)

This counterclaim was, therefore, triable by a jury unless it involved a long account, in which case it was referable. To preserve his rights to a common-law trial the defendant was compelled to move to frame issues. This he did, and the plaintiff opposing the application, it was denied. The affidavit of plaintiff in opposition states that the defendant was not entitled to a jury trial, but that the action was referable. But though the affidavit is long, it fails to state or show the only thing which would justify a reference, that is, that the action involved a long account. As the case stands now, the defendant's application has been denied, but no order of reference has been made, and none may ever be made unless the plaintiff should apply for it. If the action is prosecuted the cause will be brought for trial before the court at Special Term, and the defendant deprived of the mode of trial prescribed by law. We think that the defendant's motion should have been granted as of course; that the plaintiff, if it believed the counterclaim to involve a long account, should either have resisted it by a counter application for a reference, or by making such application after the order framing the issues, an application to which the order framing the issues would not be a bar.

The order appealed from should be reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, without prejudice to any application which plaintiff may make to refer the action.

PRATT and DYKMAN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, without prejudice to any application by plaintiff for a reference.