(22 App. Div. 540.)

ROSLYN HEIGHTS LAND & IMPROVEMENT CO. v. BURROWES.

(Supreme Court, Appellate Division, Second Department.    November 30, 1897.)

1. RIGHT TO JURY TRIAL—ACCOUNTS.

The right of a defendant to have the issues raised by a reply to his counterclaim tried by jury (Code Civ. Proc. §§ 970, 974) is subject to the right of plaintiff to have them referred if the trial would require the examination of a long account under section 1013.

2. APPEALABLE ORDER—REFERENCE.

An order referring all the issues in an action to foreclose a mortgage does not necessarily affect the judgment, and is not therefore reviewable, under Code Civ. Proc. § 1316, although specified in the notice of an appeal from the final judgment, but may be reviewed only by appeal from the order itself.

Appeal from judgment on report of referee.

Action by the Roslyn Heights Land & Improvement Company against Robert Burrowes.    From a judgment entered on the report of a referee, defendant appeals, and, by notice of appeal, states that he intends to review the order of reference.    Judgment affirmed.

Argued before GOODRICH, P. J., and CULLEN, HATCH, and BRADLEY, JJ.

A. N. Weller, for appellant.

J. E. Ludden, for respondent.

BRADLEY, J.    The action was brought to foreclose a purchase-money mortgage made by the defendant to secure the payment of his bond.    By his answer, he alleged that he rendered services and expended moneys at the request of the plaintiff, and upon its promise, to satisfy and discharge the bond and mortgage, and he asked for specific performance of such promise.    The defendant further alleged, by way of counterclaim, the indebtedness of the plaintiff to him in a sum specified for services performed and moneys expended by him for and at the request of the plaintiff, which sum he asked to have allowed to him against the plaintiff.    The order denying the defendant's motion made to have the issues raised by the reply to his alleged counterclaim framed for trial by jury was reversed by the general term, without prejudice to any application of the plaintiff for reference of all the issues in the action.    76 Hun, 62, 27 N. Y. Supp. 622.    In the meantime the plaintiff had moved for a reference, and it was granted.    The trial was had before the referee, and the judgment was entered on his report.    The right of the defendant to have the issues raised upon his alleged counterclaim tried by jury was subject to the right of the plaintiff to have them referred

if the trial would require the examination of a long account, within the meaning of the statute. Code Civ. Proc. § 1013. As the defendant did not appeal from the order of reference, it must be deemed to have been lawfully made, and he is concluded by it, unless the reference to it in the notice of appeal from the judgment presents it for review by force of section 1316 of the Code of Civil Procedure, which provides 'for the review of an intermediate order which is specified in the notice of an appeal from final judgment, and necessarily affects the judgment. It is not seen that the order of reference does that.

The referee, on hearing the trial, constituted the substituted forum provided for by the statute, and the judgment was entered upon his determination, and, in legal contemplation, upon his direction. The order prescribed for the trial of the action a tribunal recognized by law, and the order did not necessarily affect the judgment; and, although it affected a substantial right, the order was reviewable only by appeal from it. Code Civ. Proc. § 1347; McCall v. Moschcowitz, 10 N. Y. Civ. Proc. R. 107, 14 Daly, 16. It follows that whether the order was properly granted does not arise on this review, and it must be deemed effectual for the purposes of the trial and of the determination made by the report of the referee.

In the view thus taken, it becomes unnecessary to inquire whether or not the defendant consented to proceed with the trial before the referee. There is, however, some evidence tending to that effect. The order of reference, having been made after the denial by the special term of the motion to frame issues for a jury trial, did not appear on the review of the latter, and came within the saving provision of the decision of the general term reversing the order, and granting the motion expressly made, "without prejudice to any application by the plaintiff for a reference." The evidence taken upon the trial does not appear in the record. And, as the facts found by the referee warranted his conclusion of law, the judgment must be affirmed. All concur.