(32 App. Div. 578.)

VAN DEVENTER v. VAN DEVENTER et al.

(Supreme Court, Appellate Division, Fourth Department. July 26, 1898.)

1. JOINDER OF CAUSES OF ACTION.
    In an action to enforce an agreement wherein an unmarried man, in consideration of one dollar and the promise of an unmarried woman to fulfill a promise of marriage within a certain time, granted and released unto her a certain parcel of real estate, and also undertook to pay her a certain sum at any time she should demand it after becoming his lawful wife, it is proper to unite in the same complaint the cause of action for specific performance in respect to the property, and the other to recover upon the alleged indebtedness by reason of the agreement.

2. SAME—LEGAL AND EQUITABLE CLAIMS.
    Where a party joins in the same complaint both legal and equitable causes of action, the defendant has a right to insist upon his constitutional right to a trial by jury.

3. EQUITABLE JURISDICTION.
    The rule of equity that, where a court obtains jurisdiction of the parties and subject-matter, it may adapt its relief to the exigencies of the case, does not apply to an action where both legal and equitable remedies are prayed for by the plaintiff, and a jury trial demanded by the defendant.
    Ward, J., dissenting.

Appeal from special term, Yates county.

Action by Susie M. Van Deventer against Stephen W. Van Deventer and Albert R. Van Deventer to enforce specific performance of a portion of a contract, and also to recover on an alleged indebtedness arising from said contract. From a decree and judgment in favor of plaintiff, defendants appeal. Reversed.

On the 17th day of May, 1892, the plaintiff was a single woman, capable of entering into a marriage contract, and the defendant Stephen W. Van Deventer was a single man (widower), capable of entering into a marriage contract; and on that day, at Woodstock, Oxford county, Ontario, plaintiff alleges, a written contract was made, whereby the defendant Stephen undertook and agreed with the plaintiff, in consideration of one dollar to him paid, "and the fulfillment of a promise of marriage on the part of the party of the second part [the plaintiff] within a year after the decease of her mother," to "grant and release unto the party of the second part all that tract or parcel of land situate in the village of Penn Yan, Yates county, New York state, and lying on the south side of Clinton street, in the said village, and being the house and lot now occupied by the party of the first part; also, twenty thousand dollars, to be paid to the party of the second part at any time she demands it after becoming the lawful wife of the party of the first part." That instrument purports to have been executed by the defendant Stephen on the 17th day of May, 1892, in the presence of Kate Woodcock Pet Bowers, and to have been sworn to before William Peers, justice of the peace. The plaintiff alleges that the contract was then delivered to her, and that her mother died on the 21st of November, 1894, and that within a year, to wit, on the 22d of July, 1895, the marriage of the parties was duly solemnized, and they became husband and wife, and that that relation continued at the time of the commencement of this action. The complaint alleges that the defendant was the owner of the real estate mentioned in the contract, and of several other parcels of real estate situated in the county of Yates, and that the defendant Albert R. Van Deventer is the son of Stephen. It is alleged that "the said defendants, contriving and intending to cheat and defraud this plaintiff of her right and interest in and under the said contract, and to defeat her in any attempt to enforce the same or to secure payment thereon, knowingly, fraudulently, and collusively did enter into a conspiracy so to cheat and defraud this plaintiff of her said rights, and for that purpose and to that end did connive together to fraudulently assign, secrete, and cover

up the said personal property, and transfer, convey, and incumber said real estate so owned and possessed by the said Stephen W. Van Deventer to the defendant Albert R. Van Deventer, that it should be fraudulently placed beyond the reach of this plaintiff, with the intent to hinder. delay, and defraud this plaintiff, and that the said Albert R. Van Deventer might claim the same under a color of title in fraud of this plaintiff." It is alleged that before the commencement of this action the plaintiff demanded of Stephen that he perform all the conditions of the contract, "and that he pay to this plaintiff the said sum of twenty thousand dollars, as he promised in the said contract or agreement, and that he convey to her the legal title to the premises referred to and described in the said contract or agreement, all of which the defendant refused to do." In the prayer of the complaint the plaintiff asks "that the defendant Stephen W. Van Deventer be decreed and adjudged specifically to perform and to carry into execution the said articles of agreement or contract in this complaint set out; that he pay to this plaintiff the said sum of twenty thousand dollars, with interest; · that he convey to this plaintiff the said real estate described in said contract, by a deed good and sufficient to vest the legal title in this plaintiff, and that·said defendant Albert R. Van Deventer, if need be, join therein; that all transfers, assignments, or conveyances of said personal or real property in fraud of this plaintiff or otherwise be set aside, removed, canceled, and adjudged null and void," and that a receiver be appointed, and that an injunction issue; also, "that the plaintiff may recover of the defendant Stephen W. Van Deventer her damages for failure to perform the said contract, in the sum of thirty thousand dollars. * * *" Stephen W. Van Deventer, in his answer, states several matters by way of defense, and "specifically denies that on the 17th day of May, 1892, or at any other time, he did sign, execute, or enter into the contract or agreement mentioned and set forth in said complaint with said plaintiff, and that he did not at any time, or at any time thereafter, deliver the same to this plaintiff." The answer of Albert R. Van Deventer denies all allegations of fraud in respect to the conveyances of real estate to him, and the transfers of personal property, and alleges that the same were received bona fide, and for an honest purpose and intent. The trial judge found that the plaintiff had performed on her part all the conditions and covenants of the contract, and that the defendant had neglected and refused to perform, and "that the plaintiff is entitled to the specific performance of the contract referred to and set out in the fifth finding of fact herein, and is therefore entitled to a deed good and sufficient to convey to her the title to all that p'ece or parcel of land referred to and described in the said contract as situated on the south side of Clinton street, in said village of Penn Yan, to be executed by these defendants, and duly acknowledged by them and each of them; (4) that the plaintiff, Susie M. Van Deventer, is entitled to a judgment against the defendant Stephen W. Van Deventer for the sum of twenty thousand dollars, referred to in the nineteenth finding of fact, together with interest thereon from the 12th day of December, 1896." The nineteenth finding of fact was as follows: "(19) That by virtue of the said contract, and the fa lure on the part of the said defendant Stephen W. Van Deventer to perform the same according to the terms and conditions thereof, the said Stephen W. Van Deventer became, was, and is indebted to this plaintiff in the sum of twenty thousand dollars." In the judgment it is adjudged that the plaintiff recover of Stephen W. Van Deventer the sum of $20,000 "found by the said justice to be due her upon the said contract, with interest thereon from the 12th day of December, 1896, together with ninety-eight and twenty-eight one-hundredths dollars, costs and disbursements, amounting in all to the sum of twenty-one thousand one hundred and seventy-eight and twenty-eight one-hundredths dollars." Before any evidence was taken at the trial, the counsel for the defendants asked the court to hold, as matter of law, that the defendants were entitled to a trial by a jury in this case. The court refused, and an exception was taken. The defendants' counsel then asked the court to hold, as matter of law, that, as to that part of the complaint which claims damages for $20,000, it involves a breach of contract, and as to that question the defendants were entitled to a trial by jury. The application was denied, and an exception was taken.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

William F. Cogswell, for appellants.
Edwin Hicks, for respondent.

HARDIN, P. J. Plaintiff consented to enter into the marriage contract with the defendant Stephen, according to the testimony given in her behalf, prior to the execution of the agreement set out in the complaint. By the terms of that agreement, he undertook to, and did, grant and release unto her the parcel of real estate situated on Clinton street, in the village of Penn Yan; and he also undertook to pay to her the sum of $20,000 at any time she should demand it "after becoming the lawful wife" of the defendant Stephen. The scope of the complaint seems to be in the nature of an action for specific performance, requiring the execution of a deed of the Clinton street property to the plaintiff, and that such conveyance shall be executed by both of the defendants; and the further feature of the complaint is that the plaintiff claims to recover, as for an indebtedness under the contract, the sum of $20,000. Plaintiff gave evidence tending to support both aspects of the case. The defendants gave evidence tending to dispute the execution of the instrument relied upon by the plaintiff, and set out in the complaint; also, some evidence tending to show that the conveyances made by Stephen were prior to the marriage. Doubtless, it was competent for the plaintiff to unite two causes of action,—one for specific performance in respect to the Clinton street property, and the other to recover upon the alleged indebtedness, by reason of the agreement, the sum of $20,000.

In Bruce v. Kelly, 5 Hun, 232, Daniels, J., said:

"The law does not require that legal and equitable causes of action shall be united, even where they arise out of the same transaction, or are connected with the subject of the action. It allows it, simply, without requiring that it shall be done. It is a privilege conferred upon the plaintiff, but whether he will avail himself of it is left solely to his own election."

In Bradley v. Aldrich, 40 N. Y. 512, it is said, viz.:

"The court agreed unanimously that causes of action, both legal and equitable, arising out of the same transaction, may be united by proper allegations in the complaint."

However, when a party joins in the same complaint legal and equitable causes of action, the defendants have a right to insist upon their constitutional right to a trial by jury. That right was denied to the defendants in this case, and the exceptions taken in respect thereto present error. Davis v. Morris, 36 N. Y. 569; Hudson v. Caryl, 44 N. Y. 553; Wheelock v. Lee, 74 N. Y. 495. In the course of the opinion delivered in the latter case, Rapallo, J., said:

"The joinder of an equitable cause of action with others purely legal does not deprive the defendant of the right of trial by jury. * * * When such an action is brought to trial at special term, and the defendant demands a jury trial, the judge must determine whether any of the grounds upon which a recovery is sought are such as, at the adoption of the constitution, were redressed by an action at law, and, if so, should direct the cause to be tried

by a jury at the circuit, or at all events should refuse to try the cause without a jury."

In Parker v. Laney, 1 Thomp. & C. 593, it was said:

"Where the complaint contains more than one cause of action, and one or more of them must be tried by a jury, all the causes of action must be tried by a jury." Opinion of Mullin, P. J.

In Hudson v. Caryl, supra, Gray, C., said:

"That when the facts stated, arising * * * out of the same transaction, entitle a party to both kinds of relief, the right founded upon the common law must be tried by a jury; and when, at the special term, such trial is demanded, the judge must determine whether any of the grounds upon which the recovery is sought were such as, at the adoption of the constitution, were redressed solely by action at law, and, if so, direct that the cause be tried by jury."

In Green v. Stewart, 19 App. Div. 202, 45 N. Y. Supp. 982, the complaint was framed in a dual aspect, and at the trial was dismissed as to one of the defendants, and then "the court retained the case for the purpose of enabling the plaintiff to prove his damages, after it had been established that he was not entitled to relief on the equity side of the court." Parker, J., in delivering the opinion stated:

"If such a procedure could be tolerated, a party having an action maintainable at law, but which he would prefer not to have presented to the consideration of a jury, could quite frequently so frame his pleading as to entitle him to go to trial before the court on its equity side, and then claim the right to have the court award the damages in violation of the constitutional guaranty of a right of trial by jury."

That case was referred to with approval in Toplitz v. Bauer, 26 App. Div. 133, 49 N. Y. Supp. 840.

The learned counsel for the respondent seeks to avoid the force of the demand for a jury trial by calling attention to a general rule of equity, that where a court obtains jurisdiction of the parties, and of the subject-matter of an action, it may adapt its relief to the exigencies of the case. Such was the rule stated in Valentine v. Richardt, 126 N. Y. 272, 27 N. E. 255, where it was said a court may "give to the plaintiff a money judgment, simply, when that form of relief becomes necessary in order to prevent a failure of justice, and when it is for any reason impracticable to grant the specific equitable relief demanded." And in Murtha v. Curley, 90 N. Y. 372, to which he directs our attention, it was said:

"A court of equity may adapt its relief to the exigencies of the case. It may, when that is all the relief needed, order a sum of money to be paid plaintiff, and give him a personal judgment therefor."

In that case it did not appear that either party claimed that the action was a legal action triable by jury.

The respondent calls our attention to Miles v. Iron Co., 125 N. Y. 294, 26 N. E. 261, which was an action for specific performance of a contract; and it was said the right to it rested in the judicial discretion of the court, and, as it appeared that the special circumstances required the court to refuse a specific performance, it might, in lieu thereof, award damages. We see nothing in the case which aids the contention of the respondent.

The foregoing views lead to the conclusion that the learned trial judge committed an error when he denied the demand for a jury trial.

There was another serious aspect of the case discussed, relating to the right to set aside conveyances and transfers without having an execution, either returned or in the hands of the sheriff, and a levy established thereby. The views already expressed avoid the necessity of disposing of that question in this case. We think a new trial should be awarded.

Judgment reversed, and a new trial ordered, with costs to the appellants to abide the event. All concur, except WARD, J., dissenting with a mem.

WARD, J. I am unable to concur with the majority of the court in this case for reversal. I think the action is an equitable one, pure and simple. The object of the action is to secure the specific performance of a peculiar contract, that an equitable action must be brought to enforce. The complaint does not join a legal and equitable cause of action, so as to give the defendant the right to a jury trial. The plaintiff could not split up her claims under the contract into legal and equitable actions. She can have but one action under the contract. I have more doubt as to other propositions in the case, but have reached the conclusion on the whole case that the judgment should be affirmed, with costs.