(36 App. Div. 176.)

HOFFMAN HOUSE, NEW YORK, v. HOFFMAN HOUSE CAFE.

(Supreme Court, Appellate Division, First Department.    January 20, 1899.)

1. SALE—ACTION FOR PRICE—PLEADING AND PROOF.
    Where the complaint alleges delivery by plaintiff at various times of a large number of items set out, and the answer admits that plaintiff furnished certain items, but denies all other allegations of the complaint, it does not relieve plaintiff from proving delivery of each item.

2. REFERENCE—COUNTERCLAIM.
    Though plaintiff is entitled to a reference as to the issues raised by the complaint and the defenses to it, he is not on that account entitled to a reference as to a counterclaim; Code Civ. Proc. § 974, providing that when defendant interposes a counterclaim, and demands affirmative judgment against plaintiff, the mode of trial of an issue of fact arising therefrom is the same as if it arose in an action brought by defendant against plaintiff for the cause of action stated therein, and demanding the same judgment.

Appeal from special term, New York county.

Action by the Hoffman House, New York, against the Hoffman House Café.    From an order referring the action for trial and determination, defendant appeals.    Modified.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Charles E. Hughes, for appellant.
David McClure, for respondent.

RUMSEY, J.    The complaint, in the schedule attached to and made a part of it, alleges the delivery by the plaintiff to the defendant at various times from the 1st day of June, 1894, to the 12th of June, 1897, of a large number of items of provisions, liquors, and other supplies, for use in the restaurant of the defendant, and various items of work done and services rendered for the benefit of the defendant during the same time.    If it shall be necessary for the plaintiff to establish the delivery of all these goods and the rendition of these services, it is quite evident that such proof will require the examination of a long account, and that the action is clearly referable, within the rule laid down by section 1013 of the Code of Civil Procedure, as construed by the leading case of Camp v. Ingersoll, 86 N. Y. 433, because the referable character of the case is determined by the complaint.    Untermyer v. Beinhauer, 105 N. Y. 521, 11 N. E. 847.    The answer does not relieve the plaintiff from the necessity of making this proof because, although it admits that at various times between the 1st of June, 1894, and the 14th of

January, 1898, the plaintiff furnished the defendant, at its request, certain goods, wares, and merchandise, and performed for it certain work, labor, and services, it denies all the other allegations in the complaint; and therefore it does not relieve the plaintiff from the necessity of proving the delivery of each of these goods, and the rendition of every one of the services charged for, and the value of each of the items. The order, therefore, so far as it referred the issues raised by the denial of the complaint and the affirmative defense set up, was clearly correct.

But, within the rule laid down by section 974 of the Code of Civil Procedure, the defendant is nevertheless entitled to a trial by jury of the issues arising upon its counterclaim. That section provides that when the defendant interposes a counterclaim, and demands an affirmative judgment against the plaintiff, the mode of trial of an issue of fact arising therefrom is the same as if it arose in an action brought by the defendant against the plaintiff for the cause of action stated in the counterclaim, and demanding the same judgment. Down to a very recent period the courts had held that, if the cause of action set out in the complaint was referable, the plaintiff was entitled to a compulsory reference of all the issues raised by all the pleadings in the action, notwithstanding the provisions of section 974. Railroad Co. v. Reid, 21 Hun, 273; Robinson v. Railroad Co., 55 N. Y. Super. Ct. 152. But later decisions seem to have changed that rule. Deeves v. Realty Co., 6 Misc. Rep. 91, 26 N. Y. Supp. 23, affirmed 141 N. Y. 587, 36 N. E. 739; McAleer v. Sinnott, 30 App. Div. 318, 51 N. Y. Supp. 956. The case of Deeves v. Realty Co., supra, was affirmed by the court of appeals upon the opinion which is reported in the sixth volume of the Miscellaneous Reports, and the twenty-sixth volume of the New York Supplement. These last cases clearly establish the rule that although, upon an examination of the complaint and the answer, it appears that the cause of action of a plaintiff is referable, yet, if the counterclaim sets up a cause of action in favor of the defendant which would entitle him to a trial by jury, he does not lose his right to such a trial, although so much of the action as involves the plaintiff's claim is referred. In neither of the cases last cited is any reference made to the case of Railroad Co. v. Reid, or Robinson v. Railroad Co., where a different rule is laid down. But yet, as the later cases establish the rule as stated above, it must be regarded that the two former cases are overruled, and are no longer to be followed. For this reason the order of reference was too broad, and it should be modified by referring the issues raised by the complaint, and the defenses to it, leaving the issue raised by the counterclaim and the reply to be tried by a jury in the usual way. As thus modified, the order must be affirmed, without costs to either party in this court. All concur.