### ARNOT v. NEVINS et al.

(Supreme Court, Appellate Division, First Department.    October 20, 1899 )

MECHANICS' LIENS—ISSUES OF FACT—JURY TRIAL.
>   Code Civ. Proc. § 974, provides that, where defendant demands an affirmative judgment on a counterclaim, issues of fact shall be tried as though they arose in an action by defendant against plaintiff. Section 970 declares that a defendant interposing such counterclaim may, on notice, apply to have the issues of fact tried by a jury; and Gen. Rules Prac. 31, requires that such application shall be made within 10 days after issue joined. *Held* that, since the parties had no right to a jury trial in equitable actions at common law, an application for such trial of affirmative issues raised by a counterclaim in an action to foreclose a mechanic's lien must be made under the above statute and rules, and hence a denial of an application therefor, made more than 10 days after issue joined, was proper.

Appeal from special term, New York county.

Action by Peter H. Arnot against James Nevins and others. From an order denying defendants' motion for the trial of certain issues by a jury, they appeal. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Louis H. Levin, for appellants.
J. Woolsey Shepard, for respondent.

INGRAHAM, J.   The action was brought to foreclose a mechanic's lien.   The plaintiff was a subcontractor, and agreed to furnish to the contractors, for the erection of two buildings in the city of New York, certain cut stone required for the buildings, and to set the same.   The appellants, who were the principal contractors, set up in their answer several counterclaims, whereby they sought to recover from the plaintiff upon promissory notes alleged to have been made by him and held by the appellants, and the damages claimed to have been sustained by reason of the failure of the plaintiff to carry out his contract with the appellants, amounting to the sum of $160; and upon the counterclaims the appellants demanded an affirmative judgment against the plaintiff.   The plaintiff, by his

reply, put in issue the allegations constituting the counterclaims. The reply was served on the 23d day of January, 1889. The plaintiff then noticed the action for trial at special term, and the case was placed upon the calendar. Subsequently, and on the 1st of March 1889, the appellants made a motion that certain issues of fact specified in the motion papers be sent to a jury for trial. These issues included those raised by the answer and by the reply to the counterclaims. The motion was denied by the court below on the ground that it was made too late, and that no good reason appeared for requiring two trials of the action.

The action being an equitable one, the parties did not have the right to a jury trial at common law. Whatever right the defendants had to have the issues tried by a jury was conferred by section 974 of the Code of Civil Procedure; and in such a case an application must be made to the court upon notice for an order directing that the question specified be stated for trial, within section 970 of the Code of Civil Procedure. Mackeller v. Rogers, 109 N. Y. 472, 17 N. E. 350; Smith v. Fleischman, 23 App. Div. 359, 48 N. Y. Supp. 234. Rule 31 of the general rules of practice provides that "in cases where the trial of issues of fact is not provided for by the Code, if either party shall desire a trial by jury, such party shall, within ten days after issue joined, give notice of a special motion to be made upon the pleadings, that the whole issue, or any specific questions of fact involved therein, be tried by a jury." It would seem that this rule applied. The trial of the issues of fact in this action is not provided for in the Code. Provision is therein made for application to the court upon notice that the issues of fact arising out of the counterclaim may be tried by a jury where such a trial would be allowed in a cause of action brought by the defendant against the plaintiff for a cause of action stated in the counterclaim, but to claim such a trial where such a counterclaim is interposed in an equitable action, the motion must be made under section 970 of the Code; and such a motion, under rule 31, must be made within 10 days after issue is joined. By not making the motion within 10 days, the appellants lost the right to have the issues sent to a jury for trial. It is true that the court, in its discretion, might have ordered such a trial if it was considered necessary; but the appellants, by their failure to move within the time specified, lost the right to move, and were not aggrieved by the denial of their motion. An examination of the pleadings would indicate that a trial by jury would serve no good purpose, but would cause additional expense and delay. The question as to whether or not the plaintiff executed these promissory notes does not require a jury trial, and the counterclaim to recover damages for the failure of the plaintiff to perform his contract, as involved in the issues raised by the answer, involved the right of the plaintiff to recover at all, and that question must be disposed of on the trial at special term. It follows, therefore, that the order appealed from was right, and should be affirmed, with $10 costs and disbursements. All concur.