CITY REAL–ESTATE CO. v. FOSTER et al.

(Supreme Court, Appellate Division, First Department.  November 10, 1899.)

COUNTERCLAIM—ISSUES OF FACT—JURY.

 Where, in foreclosure by an assignee of a mortgage, defendant counterclaims, alleging a cause of action against the assignor for breach of insurance of title, defendant cannot obtain an affirmative judgment against plaintiff, and hence is not entitled to a jury, within Code, § 974, providing that, where defendant counterclaims and demands an affirmative judgment against plaintiff, the mode of trial of an issue of fact is the same as if it arose in an action by defendant against plaintiff.

Appeal from special term, New York county.

Action by the City Real-Estate Company against James P. Foster and others.  There was an order directing the trial of issues raised by a counterclaim and reply before a jury, and plaintiff appeals.  Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

W. H. Stockwell, for appellant.

E. Schenck, for respondents.

VAN BRUNT, P. J.  This action was brought to foreclose two mortgages upon certain premises in the city of New York.  The defendants in their answer set up a counterclaim, alleging that the real party in interest was the Title Guarantee & Trust Company of the City of New York, which was the assignor of the plaintiff, and that they had a cause of action against said company because of a breach of a policy of insurance of title.  The plaintiff served a reply consisting of a general denial.  A motion was made to have the issues raised by this counterclaim and reply tried before a jury, which motion was granted, and the court settled certain issues to be tried by the jury. The right to such trial is asserted by the defendants as matter of right, and the motion was granted by the court upon that ground. This right is claimed under section 974 of the Code.  The language of that section is as follows:

 "Where the defendant interposes a counterclaim, and thereupon demands an affirmative judgment against the plaintiff, the mode of trial of an issue of fact arising thereupon is the same as if it arose in an action brought by the defendant against the plaintiff for the cause of action stated in the counterclaim, and demanding the same judgment."

It is perfectly apparent that the defendants could obtain no affirmative judgment upon their counterclaim as against the plaintiff in this foreclosure action.  At most, if they established a cause of action, it would be only an offset as against the plaintiff's claim, and they could obtain no affirmative judgment against the plaintiff. It is manifest, from a reading of the section, that it is only in those cases where an affirmative judgment may be obtained by the defendant against the plaintiff for the cause of action set up in the counterclaim that the section applies.  The language is, "and thereupon demands an affirmative judgment against the plaintiff, the mode of trial of an issue of fact arising thereupon is the same as if it arose in an

action brought by the defendant against the plaintiff." Now, as has already been observed, the defendants could not bring an action against the plaintiff for the cause of action attempted to be alleged in the counterclaim, and they could not obtain any affirmative judgment against the plaintiff. Hence the conditions required by the section are entirely absent from the case at bar.

The order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.