JAMES B. HAMMOND, as Administrator of FREDERICK S. BARSTOW, Respondent, *v.* THE NATIONAL LIFE ASSOCIATION, Defendant.

FREDERICK A. BETTS, as Receiver of THE NATIONAL LIFE ASSOCIATION, Appellant.

APPEAL — CREDITOR'S ACTION. Under section 190 of the Code of Civil Procedure no appeal lies to the Court of Appeals from an order denying a "motion herein to vacate and set aside the warrants of attachments and * * * judgment in this action" without the allowance of the Appellate Division, since it is an appeal from an order in an action and not in a special proceeding.

*Hammond* v. *Nat. Life Assn.*, 58 App. Div. 453, appeal dismissed.

(Argued October 1, 1901; decided October 11, 1901.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, made March 22, 1901, which affirmed an order of Special Term denying a motion to set aside warrants of attachment and to vacate and set aside the judgment herein.

*Charles Gibson Bennett* and *Theodore F. Humphrey* for appellant. The motion to dismiss should be denied, because the motion to vacate was a special proceeding in that from its nature it was an original and independent proceeding. (Code Civ. Pro. §§ 190, 416, 3333, 3334; *Byrnes* v. *Labagh*, 12 Civ. Pro. Rep. 417; *Belknap* v. *Waters*, 11 N. Y. 477; *Van Arsdale* v. *King*, 155 N. Y. 325; *Marvin* v. *Marvin*, 78 N. Y. 541; *Matter of Cooper*, 22 N. Y. 67; *Peri* v. *N. Y. C. & H. R. R. R. Co.*, 152 N. Y. 521.)

*William Lindsay* and *Edwin L. Kalish* for respondent. This court is without jurisdiction to review the order appealed from. (*Van Arsdale* v. *King*, 155 N. Y. 328.)

MARTIN, J. This is an appeal from an order denying the appellant's motion to set aside the attachments and judgment granted and entered in this action. Manifestly, the appellant's motion was in the action, and its purpose was to obtain an order therein. (*Van Arsdale* v. *King*, 155 N. Y. 325; *City of Johnstown* v. *Wade*, 157 N. Y. 50.) That fact is not only obvious from the record, but it is equally obvious that the appellant understood and intended it as such. The record discloses that he appeared in the action specially for the purpose of making the motion, and that he never attempted to institute any special proceeding to secure the relief sought. Moreover, in his notice of appeal to the Appellate Division, which was entitled in this action, in describing the order from which the appeal was taken, he stated that he appealed from an order " entered in this action on the 30th day of April, 1900, denying the motion *herein* to vacate and set aside the warrants of attachments and  *  *  *  judgment in this action."

Therefore, as the order appealed from was an order in an action, and was neither a final judgment nor a final order in a special proceeding, it was not appealable to this court without the allowance of the Appellate Division, which has not been obtained. (Code Civil Procedure, § 190.)

It follows that the appeal must be dismissed, with costs.

PARKER, Ch. J., O'BRIEN, BARTLETT, HAIGHT, VANN and LANDON, JJ., concur.

Appeal dismissed.