LILLY HERB, Respondent, *v.* THE METROPOLITAN HOSPITAL AND DISPENSARY OF NEW YORK, Appellant.

*Mortgage foreclosure — counterclaim for breach of covenant against incumbrances — measure of damages recoverable therefor — right to a trial by jury — notice of trial of the issue at a Trial Term — right to move at any time before trial for the settlement of issues — rule 31 inapplicable — review on an appeal from a final judgment of an order denying a settlement of the issues — renewal of the motion for the settlement of the issues on the trial at Special Term — production of evidence.*

In an action brought to foreclose a purchase-money mortgage covering premises conveyed by the plaintiff to the defendant, the answer did not deny any of the allegations of the complaint, but interposed a counterclaim for damages for a breach of the covenant against incumbrances contained in the deed from the

## 146    HERB v. METROPOLITAN HOSPITAL.

plaintiff to the defendant. The incumbrance consisted of the brick wall of an adjoining building which encroached upon the mortgaged premises. The existence of such encroachment was alleged to have injuriously affected the value of the mortgaged premises to the extent of $2,000, for which sum the defendant demanded an affirmative judgment. The plaintiff served a reply containing a general denial of all the allegations of the counterclaim.

Within ten days after the joinder of the issue raised by the counterclaim and the reply, the defendant moved at Special Term for a settlement of such issues and for a jury trial thereof. The motion was denied, and before the expiration of the defendant's time to appeal from the order denying the motion, the plaintiff moved the case for trial at Special Term.

Counsel for both parties appeared when the case was called for trial in the Special Term and the counsel for the plaintiff stated, "a counterclaim, however, for $2,000 is interposed by defendant on the ground that there was an encroachment on the property at the time defendant gave this bond and mortgage. I offer in evidence the bond and mortgage for the sum of $2,000, which is conceded, and I have calculated the interest and it amounts to the sum of $95.84. Total, $2,095.84." The defendant's counsel thereupon interrupted this statement by moving for a jury trial of the issues raised by the counterclaim and reply. This motion being denied, the defendant stated that it did not desire to introduce any evidence, whereupon a judgment foreclosing the mortgage and dismissing the counterclaim was directed to be entered. The defendant did not appeal from the order made previous to the trial denying its motion for a settlement of the issues arising on the counterclaim, but took an appeal from the judgment of foreclosure and gave notice, in the notice of appeal, of an intention to bring such order up for review upon the appeal.

*Held,* that the existence of the encroachment mentioned in the defendant's counterclaim constituted an immediate breach of the covenant against incumbrances, entitling the defendant to recover the difference between the value of the premises with and without the encroachment;

That the contention that the defendant could not recover more than nominal damages for the breach without showing an expenditure of money on account of the alleged incumbrance was untenable (Per LAUGHLIN and O'BRIEN, JJ.);

That, under section 968 of the Code of Civil Procedure, which provides that an issue of fact in "an action in which the complaint demands judgment for a sum of money only," must be tried by a jury, and section 974 of the Code of Civil Procedure, which provides, "where the defendant interposes a counterclaim, and thereupon demands an affirmative judgment against the plaintiff, the mode of trial of an issue of fact, arising thereupon, is the same, as if it arose in an action, brought by the defendant against the plaintiff, for the cause of action stated in the counterclaim and demanding the same judgment," the defendant was entitled, as a matter of right, to a jury trial of the issues arising on the counterclaim (Per LAUGHLIN and O'BRIEN, JJ.);

That, as there were no issues of fact arising on the complaint, and the only issues of fact were those arising on the counterclaim, the defendant could have

noticed such issues for trial at the Trial Term without having them settled (Per LAUGHLIN and O'BRIEN, JJ.);

That the defendant was entitled, as a matter of right, under section 970 of the Code of Civil Procedure, to have its motion for the settlement of the issues arising on the counterclaim granted, and might make such motion at any time in advance of the trial (Per LAUGHLIN and O'BRIEN, JJ.);

That rule 31 of the General Rules of Practice, which is expressly limited to cases "where the trial of issues of fact is not provided for by the Code," was inapplicable (Per LAUGHLIN and O'BRIEN, JJ.);

That the order denying the defendant's motion for a settlement of the issues arising on the counterclaim was an intermediate order which "necessarily affects the final judgment" within the meaning of section 1316 of the Code of Civil Procedure, and was, therefore, reviewable on the appeal from the judgment of foreclosure, particularly as the defendant's time to appeal from such order had not expired when the judgment of foreclosure was entered (Per LAUGHLIN, O'BRIEN and PATTERSON, JJ.);

That, if the motion to have the issues arising on the counterclaim settled for trial could have been made at any time before the trial, the defendant could preserve its right to have the issues settled by renewing the application upon the trial (Per LAUGHLIN and O'BRIEN, JJ.);

That the statement by the plaintiff's counsel on the trial at Special Term should not be deemed "the production of any evidence" within the contemplation of section 1009 of the Code of Civil Procedure, which provides that a party entitled to a jury trial waives such right by failing to claim it "before the production of any evidence upon the trial" (Per LAUGHLIN, O'BRIEN and PATTERSON, JJ.).

VAN BRUNT, P. J., and McLAUGHLIN, J., dissented.

APPEAL by the defendant, The Metropolitan Hospital and Dispensary of New York, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 19th day of June, 1902, upon the decision of the court, rendered after a trial at the New York Special Term, directing the foreclosure of a mortgage and the sale of certain real property owned by the defendant, with notice of an intention to bring up for review upon such appeal an order entered in said clerk's office on the 19th day of May, 1902, denying the defendant's motion to frame and settle, for the purpose of trial by jury, certain issues of fact.

The action was brought for the foreclosure of a mortgage upon real estate upon which it was alleged in the complaint there was due and owing the sum of $2,000 and interest thereon at the rate of five per centum per annum from the 27th day of December, 1900.

First Department, February Term, 1903.      [Vol. 80.

The answer contained no denial of any of the allegations of the complaint, and, consequently, the same were admitted, but it interposed a counterclaim for damages for a breach of the covenant against incumbrances contained in a deed from the plaintiff to the defendant. It is alleged in the answer that the mortgage was given by the defendant to the plaintiff to secure part of the purchase price, and as a specification of the breach of covenant against incumbrances it is alleged that the premises were not free and clear from incumbrances, but on the contrary were and are " subject to an encroachment one foot in width and thirteen feet three and one-half inches in length, in, upon and along the easterly border, or line, of the said premises herein referred to, the same consisting of a brick wall with windows and doorway opening upon the said premises herein referred to and forming the rear wall of a building fronting upon and extending back from Second Avenue thereto, and which wall rests wholly in and upon the said premises herein referred to for its entire length." The premises are situated on the southerly side of East Eighty-second street and have a frontage of twenty feet and extend in depth seventy-seven feet. It thus appears that the encroachment is along the easterly line of the premises. It is further alleged in the answer that the purchase price of the premises was $9,000, and that by reason of the plaintiff's violation of her covenant and of this encroachment, the premises are less valuable and were and are injuriously affected and lessened in value to the extent of $2,000, for which an affirmative judgment is demanded. The plaintiff, by a reply containing a general denial, put in issue all the allegations of the counterclaim. Within ten days after the joinder of issue the defendant duly moved at Special Term for the settlement of the issues raised by the counterclaim and reply and for a jury trial thereof. Its motion was denied. Before the defendant's time to appeal from the decision expired the action was moved for trial at Special Term by the plaintiff. The appearances of counsel for both respondent and appellant were noted and thereupon the record shows that counsel for the plaintiff stated :

" The making of the bond and mortgage is admitted, and in fact all matters alleged in the complaint are admitted ; a counterclaim, however, for $2,000 is interposed by defendant on the ground that there was an encroachment on the property at the time defendant

gave this bond and mortgage. I offer in evidence the bond and mortgage for the sum of $2,000, which is conceded, and I have calculated the interest and it amounts to the sum of $95.84. Total, $2,095.84. The interest is calculated for eleven months and fifteen days at " — whereupon defendant's counsel interrupted by addressing the court, stating that his client had interposed a counterclaim which had been denied; that, believing that it was entitled to a jury trial of the issues thus raised, it made a motion for the settlement of the issues for trial by jury; that the motion was denied; that in view of a ruling of the Court of Appeals that it was its duty to again move for a jury trial on the action being brought to trial at Special Term, he then moved for an order for such a trial of said issues, basing his claim on sections 968 and 974 of the Code of Civil Procedure and upon the constitutional right of his client. Counsel for the respondent insisted that the appellant's remedy was an appeal from the order denying his motion to settle the issues; and furthermore claimed that the appellant's counterclaim raised no issues inasmuch as there is no allegation that the appellant was obliged to pay out any money on account of the alleged breach of covenant. The appellant's request for a jury trial was denied, to which its counsel excepted, and thereupon stated that he desired to introduce no evidence, whereupon judgment of foreclosure was directed in favor of the plaintiff and dismissing appellant's counterclaim. The appellant did not appeal from the order of the Special Term, made previous to the trial, denying its motions for a settlement of the issues arising on the counterclaim, but in its notice of appeal it gave notice that it intended to review said order.

*T. Augustin Ledwith,* for the appellant.

*Morris H. Hayman,* for the respondent.

LAUGHLIN, J.:

The allegations of the answer sufficiently show a breach of the plaintiff's covenant against incumbrances, and we do not understand that this is questioned by the respondent, whose contention is that the appellant cannot recover more than nominal damages for the breach without showing expenditure of money on account of the alleged incumbrance. Her contention is not tenable. There was an

immediate breach of the covenant and the appellant was entitled to recover the difference between the value of the premises, with and without the encroachment. (*Huyck* v. *Andrews*, 113 N. Y. 81.)

The further questions to be determined on this appeal are, *first*, was the appellant entitled as matter of right to a jury trial of the issues raised on its counterclaim; *second*, could such issues be noticed for trial at Trial Term without application to the court for their settlement; *third*, was the defendant entitled to have the issues settled and was it essential to the preservation of such right if it existed that a motion should be made for the settlement of the issues within ten days after the joinder of issue; *fourth*, is the order denying appellant's motion reviewable on appeal from the judgment; *fifth*, could the right be preserved by renewal of the application on the trial; *sixth*, was the application made on the trial timely? These questions will be considered in the order stated.

*First.* There can be no question but that appellant might have maintained a separate action to recover these damages and that it then would have been entitled to a jury trial under the Constitution. (Art. 1, § 2.) It is, therefore, inaccurate to say that the right to a trial of the issues by a jury is not guaranteed by the Constitution. But here the counterclaim is interposed in a suit in equity and it was doubtless competent for the Legislature in permitting the interposition of a legal counterclaim in such a suit to regulate the procedure by which a jury trial might be had. In a suit in equity a counterclaim of this nature is clearly authorized by the Code. (Code Civ. Proc. §§ 500, 501, 507.) Section 968 of the Code provides that an issue of fact in " an action in which the complaint demands judgment for a sum of money only," or in " an action of ejectment  *  *  *  for a nuisance, or to recover a chattel" " must be tried by a jury, unless a jury trial is waived, or a reference is directed." Section 974 of the Code provides that " where the defendant interposes a counterclaim. and thereupon demands an affirmative judgment against the plaintiff, the mode of trial of an issue of fact, arising thereupon, is the same, as if it arose in an action, brought by the defendant against the plaintiff, for the cause of action stated in the counterclaim and demanding the same judgment." These statutory provisions are so plain and clear that they would not seem to require judicial construction; but they have been given full force by a construction that the

counterclaim therein referred to is one upon which a separate cause of action for an affirmative judgment could be maintained against the plaintiff. (*Cook* v. *Jenkins*, 79 N. Y. 575; *City Real Estate Co.* v. *Foster*, 44 App. Div. 114.) It seems clear, therefore, that the appellant was entitled to a jury trial of these issues as matter of right, even though they arise on a legal counterclaim in a suit in equity; and this proposition is sustained by the authorities. (*Deeves* v. *Metropolitan, etc., Co.*, 6 Misc. Rep. 91; affd. on opinion below, 141 N. Y. 587; *McAleer* v. *Sinnott*, 30 App. Div. 318; *Hoffman House* v. *Hoffman House Café*, 36 id. 176; *Wheelock* v. *Lee*, 74 N. Y. 495; *Van Deventer* v. *Van Deventer*, 32 App. Div. 578; *Baylis* v. *Bullock Electric Mfg. Co.*, 59 id. 576.)

*Second.* In such an action it is proper and perhaps necessary that the issues arising on the counterclaim and triable by a jury should be settled where there are issues of fact arising on the complaint as well; but here it will be observed that the only issues are those arising on the counterclaim and the reply thereto. I see no reason, therefore, why these issues may not be noticed for trial at the Trial Term without their being settled. There being no other issue to try, no confusion can arise from such practice. Upon the verdict of the jury and the pleadings a motion could then be made for judgment under section 1225 of the Code. The question has generally arisen where material allegations of the complaint were put in issue, and this precise question seems to be without precedent. In the case of *Mackellar* v. *Rogers* (109 N. Y. 468) the facts were quite similar to those presented by this record. The complaint in equity was admitted and the issues arose on a legal counterclaim. Defendant noticed the issues for trial at Special Term, and it was held that he thereby waived his right to a jury trial. In the opinion it is stated, however, that in such case the defendant, in order to preserve his right to a jury trial, must move for a settlement of the issues in advance of the trial. This was clearly *obiter dictum*, but it has been recently quoted by the same court with apparent approval. (*Bennett* v. *Edison Electric Illuminating Co.*, 164 N. Y. 131, 132.) This was not necessary to the decision. However, the precise point now under consideration does not appear to have been presented or considered in either of those cases.

*Third.* If the appellant were not entitled to notice the issues for

trial at the Trial Term without having them settled, it was entitled, as matter of right, under section 970 of the Code, to have its motion for their settlement granted. (Code Civ. Proc. § 970; *Deeves* v. *Metropolitan, etc., Co.,* supra; *McAleer* v. *Sinnott,* supra; *Hoffman House* v. *Hoffman House Café,* supra.) Although in this case the motion was made within the time limited by rule 31 of the General Rules of Practice, yet this is such a substantial right that it has been held that the rule does not limit the operation of this section of the Code in cases where a trial by jury is a matter of right, and that the motion may be made at any time before trial. (*Conderman* v. *Conderman,* 44 Hun, 181; *Ulbricht* v. *Ulbricht,* 89 id. 479; *Van Deventer* v. *Van Deventer,* supra.) It has been since held, however, by this court, without considering these authorities, that where a motion to settle the issues is necessary under section 970 of the Code, it must be made within the time prescribed by rule 31 of the General Rules of Practice. (*Arnot* v. *Nevins,* 44 App. Div. 61.)

*Fourth.* I am of opinion that the order denying the motion for the settlement of the issues is reviewable on the appeal from the judgment. Section 1316 of the Code provides that an appeal taken from a final judgment " brings up for review an interlocutory judgment, or an intermediate order, which is specified in the notice of appeal, and necessarily affects the final judgment, and which has not already been reviewed upon a separate appeal therefrom by the court or the term of the court to which the appeal from the final judgment is taken. The right to review an interlocutory judgment or an intermediate order, as prescribed in this section, is not affected by the expiration of the time within which a separate appeal therefrom might have been taken." This section clearly contemplates the review, on an appeal from a final judgment, of an intermediate order that might have been reviewed on a separate appeal provided it " necessarily affects the final judgment." It is difficult to escape the conclusion that an order denying a motion for the settlement of issues and for a jury trial where the party is entitled to the granting of the same as matter of right does affect the final judgment where that judgment is subsequently entered as the result of a trial before the court instead of before the jury. The provisions of the Code seem plain, but the decisions are quite conflicting. In *Stokes*

v. *Stokes* (87 Hun, 152) where an order of reference was granted against objection, it was clearly and forcibly stated, but not necessarily held, that the order might be reviewed on an appeal from the final judgment, and that the party thus objecting did not waive his right by proceeding with the trial before the referee. In *Roslyn Heights Land Co.* v. *Burrowes* (22 App. Div. 540) it was held in the second department without considering *Stokes* v. *Stokes* (*supra*), to which attention was not called in the points, that an order of reference was not an order affecting the final judgment and, therefore, was not reviewable on an appeal from the final judgment, and *McCall* v. *Moschowitz* (14 Daly, 16) was cited as authority for the proposition. The *McCall* case, however, was an appeal from an interlocutory judgment, not from a final judgment, and the court in that case, after stating this fact, which was decisive of the proposition, discusses the question whether such orders are reviewable on appeal from final judgment and cites cases arising under section 329 of the Code of Procedure which did not on an appeal from a final judgment only permit a review of an intermediate order unless it involved the merits, a limitation not contained in section 1316 of the Code of Civil Procedure. The case of *Roslyn Heights Land Co.* v. *Burrowes* (*supra*) was a suit in equity in which a legal counterclaim was interposed. A motion was made to settle the issues arising on the counterclaim and for a jury trial. The motion was denied, but the order was reversed on appeal (76 Hun, 62) without prejudice to a motion for a reference on the ground that these issues involved the examination of a long account. Such a motion was made and granted and the defendant participated in the trial, attempting to preserve his rights by objection. This court held in *Raff* v. *Koster, Bial & Co.* (38 App. Div. 336) that an order granting a bill of particulars did not necessarily affect the final judgment, and stated the rule to be that the intermediate orders reviewable under section 1316 on appeal from the final judgment are " orders which, if reversed, would take away the foundation of the judgment or make the trial or the judgment entered invalid or without support." The Court of Appeals in *Taylor* v. *Smith* (164 N. Y. 399) held that an order denying a motion for a new trial on the minutes of the court was an intermediate order necessarily affecting the final judgment and within the meaning of section 1316 reviewable on appeal therefrom.

The right of the Court of Appeals to review intermediate orders on an appeal from a final judgment only rests on this section of the Code and is the same and no higher than the authority of this court. If the appellant in the case at bar had appealed from the order denying its motion to settle the issues and this court had affirmed the order, the Court of Appeals on appeal from such an order of affirmance would have had no jurisdiction to review the order without leave granted by this court. (Code Civ. Proc. §§ 190, 1324; *Hammond* v. *National Life Assn.*, 168 N. Y. 262.) If, however, the order is not reviewable by the Court of Appeals on appeal from a final judgment there is no absolute right of review in that court at all, although the question involves one of the most important rights intended to be guaranteed by the Constitution. We think it was not intended to deprive a party of the right to have such a question reviewed at some stage of the proceedings by the Court of Appeals. It would seem, therefore, that section 1316 should be so construed as to give a party who is entitled to a jury trial as a matter of right, and who has done nothing to forfeit or waive such right, a remedy to review the order depriving him of this constitutional or statutory right upon an appeal from the final judgment entered in the case. (See *Fox* v. *Matthiessen*, 155 N. Y. 177.) This reasoning is especially applicable to this case where the appellant's time to appeal from the order had not expired when judgment was taken against it in the court of equity. In these circumstances the respondent was not prejudiced by the appellant's failure to appeal from the order.

*Fifth.* There is much confusion in the decisions on the question as to whether in a case of this kind a motion should be made for the settlement of the issues in advance of the trial. As has been seen, there is a dictum in *Mackellar* v. *Rogers* (*supra*), concurred in by all of the members of that court except one, to the effect that such motion is necessary. In *Smith* v. *Fleischman* (23 App. Div. 355), a suit in equity, where there was a legal counterclaim and issues of fact arising *upon both the complaint and counterclaim*, it was held by this court, following the dictum in *Mackellar* v. *Rogers* (*supra*), that the defendant, in order to preserve his right to a jury trial, was obliged to move under section 970 of the Code for the settlement of the issues. In *Arnot* v. *Nevins* (44 App. Div. 61), where there

were *issues of fact arising on a complaint in equity and issues of fact arising upon a legal counterclaim*, this court again followed the dictum in the *Mackellar Case* (*supra*) and held that the defendant's right to a jury trial was lost, because he did not apply under section 970 of the Code and within the time prescribed by rule 31 of the General Rules of Practice for an order settling the issues. This case is in conflict with *Van Deventer* v. *Van Deventer* (*supra*), which, apparently, was not cited, where one cause of action for equitable relief and another for legal relief were alleged in the complaint, upon each of which issues of fact arose, and it was held that the defendant's right to have the legal issues tried by a jury might be asserted at any time before the production of evidence upon the trial. To the same effect is *Wheelock* v. *Lee* (74 N. Y. 495). In the *Van Deventer* and *Wheelock* cases the party sued was demanding his constitutional right to a jury trial of the issues of fact arising on that count of the pleading which alleged a cause of action at law against him, while in the *Arnot* case the defendant, who unnecessarily interposed a legal counterclaim in an equity suit, was demanding a right to a jury trial on his own counterclaim, but that, as has been seen, is expressly authorized by the Code. In *Baylis* v. *Bullock Electric Mfg. Co.* (*supra*) it was held by this court that where issue was joined on a complaint demanding equitable relief and the defendant noticed the case for trial at Special Term, it did not thereby waive its right to a jury trial where the allegations of the complaint would only entitle the plaintiff to recover a money judgment; and that it did not lose this right by first moving for a dismissal of the complaint, but that its application was timely if made before the production of any evidence. It will be observed that section 970 of the Code contains no limitation as to the time within which the motion for the settlement, when necessary, of issues must be made, and consequently it permits the making of the motion any time before trial. Where there is an absolute right to have the issues settled, I think it quite clear that rule 31 of the General Rules of Practice has no application, and if it did it would be inoperative so far as in conflict with the Code. It is expressly limited to cases "where the trial of issues of fact is not provided for by the Code." The trial of these issues of fact is provided for by section 974 of the Code, and so they were in *Arnot*

v. *Nevins* (*supra*), wherein I think this court, influenced by the flimsiness of the issue apparently raised for the sole purpose of delaying judgment, laid down an erroneous rule which is in conflict with *Ulbricht* v. *Ulbricht* (89 Hun, 479) and *Conderman* v. *Conderman* (44 id. 181), not cited or considered in the opinion. Under the decisions in *Wheelock* v. *Lee* and *Van Deventer* v. *Van Deventer* (*supra*) the plaintiff would have been entitled to a jury trial of the issues if she had demanded it for the first time upon the trial and without any previous motion or application. Section 970 of the Code, under which it is claimed that the right to a jury trial by the appellant conferred by section 974 of the Code has been lost, contains no provisions forfeiting the right for a failure to make the motion. It provides that where the case is not embraced in section 968 of the Code, which relates only to jury issues, and the absolute right to a jury trial of an issue exists, a motion to settle the issues "may" be made and that the motion "must" be granted. It thus appears that by the express terms of the statute the making of the motion is permissive and the granting thereof if made is mandatory; and this, I think, is the proper construction. As has been seen, the plaintiff's right to a jury trial of these issues was not waived by failure to move for their settlement. The statute makes no distinction between the parties who shall make the motion; nor does it contemplate that neglect to do so shall affect them differently.

*Sixth.* The remaining question is whether the defendant's application for a jury trial was made before the production of evidence upon the trial, which is the test by which it is to be determined whether its right to a jury trial was waived. (Code Civ. Proc. § 1009.) The record does not show the reception of any evidence prior to the defendant demanding this right. · It contains merely a statement of counsel for the respondent to which no reply was made by counsel for the appellant until he arose interrupting counsel for respondent and asserted the right of his client to a jury trial.

It was not necessary for the plantiff to introduce any evidence. The defendant had the affirmative and was entitled to open the case. In these circumstances the statement made by plaintiff's counsel should not be deemed "the production of any evidence" within the contemplation of section 1009 of the Code; and consequently the appellant did not waive its right to a jury trial. (See *Baylis* v.

*Bullock Electric Mfg. Co., supra.*) As was said in *People* v. *Albany & Susquehanna R. R. Co.* (57 N. Y. 176), "A party cannot be deprived of this, his constitutional privilege, by a mere technicality." (See, also, *Wheelock* v. *Lee, supra.*)

It follows that the judgment should be reversed and a new trial ordered, with costs to appellant to abide event, and that the order denying defendant's motion for an order settling the issues arising on the counterclaim and reply and directing a jury trial thereof should be reversed and motion granted, with ten dollars costs.

O'BRIEN, J., concurred; PATTERSON, J., concurred in fourth and sixth subdivisions of this opinion and in result; VAN BRUNT, P. J., and McLAUGHLIN, J., dissented.

McLAUGHLIN, J. (dissenting):

I am unable, for the following reasons, to concur in the opinion of Mr. Justice LAUGHLIN. The defendant purchased from the plaintiff certain real estate in the city of New York and gave a mortgage upon the same to secure a portion of the purchase money. This action was brought to foreclose that mortgage. The answer did not deny any of the allegations of the complaint, but set up a counterclaim — which was put in issue by a reply — for damages alleged to have been sustained by reason of a breach of a covenant against incumbrances contained in the deed of conveyance.

The action is an equitable one and, therefore, triable by the court without a jury. In the prevailing opinion it is said that the interposition of the counterclaim entitled the defendant, as a matter of right, to a trial by jury, of the issues raised by the counterclaim, and this notwithstanding the fact that no order had been obtained in advance of the trial directing that such questions be stated for trial. This contention is based upon the provisions of section 974 of the Code of Civil Procedure which provides that "where the defendant interposes a counterclaim, and thereupon demands an affirmative judgment against the plaintiff, the mode of trial of an issue of fact arising thereupon is the same as if it arose in an action brought by the defendant against the plaintiff for the cause of action stated in the counterclaim and demanding the same judgment." This section did not, in my opinion, give either party the absolute right to have the action tried by a jury. The section must be con-

strued in connection with section 970, and when thus construed, it will be found that the latter section is applicable. It provides that " where a party is entitled by the Constitution or by express provision of law to a trial by a jury (the parties here were entitled by express provision of law to a trial by jury of the issues arising upon the counterclaim) of one or more issues of fact in an action not specified in section nine hundred and sixty-eight of this act, he may apply, upon notice, to the court for an order directing all the questions arising upon those issues to be distinctly and plainly stated for trial accordingly." To entitle either party, therefore, to a trial by jury of the questions arising upon the counterclaim, he was bound to apply to the court for an order directing that the questions be stated for trial and thereupon he would have become entitled, as a matter of right, to have the application granted. These provisions of the Code clearly contemplate, as it seems to me, that where a party in an equitable action is entitled to have certain questions raised tried by a jury, he must have such questions framed in advance of the trial, and this, I understand, was precisely what was held in *Mackellar* v. *Rogers* (109 N. Y. 468) where the same question was presented as here. That action was brought to foreclose a mortgage, and the defendant, as here, did not deny any of the material allegations of the complaint, but set up a counterclaim — which was put in issue by a reply — for damages growing out of a breach of a contract for which an affirmative judgment was demanded. The case was noticed for trial at Special Term, and when moved for trial, before any evidence was given, the defendant demanded a trial by jury of the issues embraced in the counterclaim. The motion was denied upon the ground that the proper mode of applying for a jury trial of such issues was by a motion to have the same framed and sent to a jury in advance of the trial. An exception was taken to the ruling, the validity of which was the question presented upon the appeal, and it was there as sharply presented as here. The defendant had not denied any of the allegations of the complaint, and the plaintiff, unless the matters set forth in the counterclaim were established, was entitled to a judgment of foreclosure. I do not see, therefore, how it can be said that in the disposition made by the Court of Appeals this question was not involved, or what was said by that court is a mere dictum. It was the only question

presented at the Special Term and the ruling denying defendant's motion for a trial by jury was put upon the ground that his right to such a trial depended upon a special motion under section 970 of the Code, and that such motion under rule 31 of the General Rules of Practice had to be made within ten days after joinder of issue, and that by failing to thus move for the framing of issues, and by the notice of trial for the Special Term, the right to a trial by jury, under section 974 of the Code, had been waived.   That the Court of Appeals did, in fact, pass upon this question is apparent from the language of the opinion delivered by Judge Danforth, in which all except one of the other members of the court concurred.   He said : " We have only to inquire whether the defendant was, under the circumstances, entitled to a jury trial as a matter of right.   The appellant's contention rests upon section nine hundred and seventy-four (§ 974) of the Code of Civil Procedure which provides,   *   *   *   . The conditions upon which the right depend exist in favor of the defendant, but that right is not absolute or unqualified ; it is relative and limited, and in the words of the heading of section 974 ' within ' certain ' foregoing sections ' only is ' a counterclaim to be deemed an action.'   *   *   *   If tolerated it would enable a person sued to postpone and delay the plaintiff in the prosecution of a just cause until at a convenient time, and before another tribunal, he had presented a cause of action subsequently brought into court, and the determination of which has no necessary connection with the plaintiff's demand in suit.   *   *   *   It is to be conceded that the mode of trial of the issue tendered by his counterclaim might be the same as if it had arisen in an action.   But a counterclaim in an equity suit is not a case where a right to a jury trial existed at common law. *   *   *   It is not secured by the Constitution.   It is not to be had as of course for the action is not within section 970 of the Code (*supra*) the complaint demanding judgment other than for a sum of money.   It is conferred by statute (§ 974) and so is within section 970 (*supra*) which requires an application upon notice to the court for an order directing the questions arising upon the issues to be stated for trial."

The *Mackellar* case was followed by *Bennett* v. *Edison Electric Illuminating Co.* (164 N. Y. 131), and by this court, unanimously, in *Arnot* v. *Nevins* (44 App. Div. 61).

This being so, I can see no good purpose in considering the other decisions referred to in the prevailing opinion, inasmuch as the rule seems to have been definitely settled not only by this court but by the court of last resort, and if it had not, the orderly dispatch of business at Trial and Special Terms requires that this practice should prevail instead of that contended for in the prevailing opinion. Where an issue is raised in an equitable action, which the party may have tried by a jury if he so desires, all that is necessary to do is to apply to the court in advance of the trial that issues be framed for trial and sent to a jury, and if he does not do this, he ought to be held to have waived such right. He certainly ought not to be permitted to wait until the case is called for trial at Special Term, and then delay the trial by asking that certain matters be sent to a jury.

Nor do I think that the order denying the motion for the settlement of the issues can be reviewed on this appeal — the appeal from the judgment. If it can, it is solely by reason of the provisions of section 1316 of the Code of Civil Procedure. This section provides that an appeal taken from a final judgment brings up for review an interlocutory judgment or an intermediate order specified in the notice of appeal, and which *necessarily affects the final judgment.* The order here sought to be reviewed does not, in my opinion, affect the judgment. The trial took place in a forum recognized by law, was conducted according to statutory provisions relating to such trials, and the judgment was entered upon a decision regularly made, at the conclusion of such trial. While the order undoubtedly affected a substantial right, and if erroneous would be corrected on appeal taken directly from it, it in no way involved the merits of, or affected the judgment. (*Roslyn Heights Land Co.* v. *Burrowes*, 22 App. Div. 540.) The defendant, by omitting to appeal from the order, recognized its validity and is bound by it. He could not go to trial and, after judgment had been rendered adversely to his contention, overthrow it by successfully attacking an order theretofore made in the action, and in which he had previously acquiesced. Not only this, but the trial court was bound to recognize the validity of the order so long as it remained unreversed. It seems absurd, therefore, to hold that, notwithstanding these facts, the trial court must proceed with the trial and render a judgment,

the validity of which can be attacked by reason of a previous order in the case, which he was bound to recognize.

I think the order appealed from should be affirmed.

VAN BRUNT, P. J., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event, and order denying defendant's motion to settle issues and direct a jury trial reversed and motion granted with ten dollars costs.