(6 Misc. Rep. 91.)

DEEVES v. METROPOLITAN REALTY CO. OF CITY OF NEW YORK.

(Common Pleas of New York City and County, General Term. December 4, 1893.)

1. REFERENCE—LONG ACCOUNT.
   What a "long account," within section 1013 of the Code, authorizing a compulsory reference.

2. MECHANICS' LIENS—COUNTERCLAIMS—RIGHT TO JURY TRIAL.
   In an action to enforce a mechanic's lien, it is imperative on the court to grant an application, seasonably made, for trial by jury of questions of fact arising on a counterclaim for damages.

(Syllabus by the Court.)

Appeal from special term.

Action by Richard Deeves against the Metropolitan Realty Company of the city of New York to foreclose a mechanic's lien on real estate. From an order denying a motion to settle issues for trial by jury, and an order of reference, defendant appeals. Order of reference affirmed. Order denying issues for a jury reversed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Charles J. Hardy, for appellant.

Thornton, Earle & Kiendls, (David Thornton, of counsel,) for respondent.

PRYOR, J.    The appeal is from two orders,—one granting a motion for a reference to hear and determine, and the other denying a motion to settle issues for trial by jury.    In Cassidy v. McFarland, 34 N. E. 893, 895, the court of appeals say that "the examination of a long account imports an actual contest as to the correctness of different charges, or at least of several of them, a prolonged examination of witnesses upon the issue, conflicting proof, and a judicial inquiry and determination as to each one of numerous litigated items."    Upon this definition of the term "long account" in section 1013 of the Code, we cannot doubt the power of the court to order a compulsory reference in the case before us. The first count in the complaint is to recover $184,985 for work and materials, involving, necessarily, innumerable items.    The answer puts in issue the performance of the work and the furnishing of the materials; and thus the pleadings subject these innumerable items to prolonged litigation, and judicial inquiry and determination.    The second cause of action is for extra work and materials, and the statement of claim exhibits 25 distinct charges, several of which are again divisible into different items.    That, within the letter and the policy of the statute, the causes of action are referable by the court, is a proposition too plain to require argument in its support.

In the answer the defendant counterclaims, and asks an affirmative judgment—First, for $30,000, because of plaintiff's failure to complete the work within the stipulated period; second, for $5,900 as liquidated damages under the contract; and, third, for $2,110.20 on account of deficiency in the agreed work and materials.    To the counterclaims a reply is interposed.    By section 974 of the Code, "where the defendant interposes a counterclaim, and thereupon demands an affirmative judgment against the plaintiff, the mode of trial of an issue of fact arising thereupon, is the same as if it arose in an action brought by the defendant against the plaintiff for the cause of action stated in the counterclaim and demanding the same judgment."    Section 970 prescribes that "where a party is entitled by the constitution or by express provision of law, to a trial by jury of one or more issues of fact in an action not specified in section 968, he may apply upon notice to the court for an order directing all the questions arising upon those issues, to be distinctly and plainly stated for trial accordingly.    Upon the hearing of the application the court must cause the issues, to the trial of which by a jury the party is entitled, to be distinctly and plainly stated."    We are of the opinion that the defendant's contention is valid.    Collating sections 970 and 974 of the Code, the inference is irresistible that the court had not discretion to deny a trial by jury of the issues on defendant's counterclaims.    The complaint not demanding judgment for a sum of money only, the action is not within section 968.    Asphalt Co. v. Arnott, (Sup.) 14 N. Y. Supp. 327; Kenney v. Apgar, 93 N. Y. 539.    The counterclaims

asserting a common-law claim for damages present issues for trial by jury. By section 974 the issues on the counterclaims are to be tried as if they arose in an action by the defendant against the plaintiff; that is, by jury. Where is the escape from the conclusion that section 970 applies? That provision, in peremptory terms, requires the court to grant the order solicited by the defendant. Cases under section 971 are distinguished by the Code, as in their nature they are distinguishable, from cases under section 790. Issues under the latter provision are of right triable by jury, and the law says they must be so tried. Questions arising in cases under the former are purely equitable issues, not of right triable by jury, but which, as the statute provides, the court may "in its discretion" direct to be so tried. Colman v. Dixon, 50 N. Y. 572; Insurance Co. v. Nelson, 8 Hun, 21. In the present case the right of recovery exhibited by the counterclaims constitutes a cause of action at law for damages from breach of contract, and, by the joint effect of sections 974 and 970 of the Code, are, as matter of strict right, triable by jury. The issues arising upon the defenses to the complaint were referable, and the order so adjudging is correct. The issues raised by the reply to the counterclaims are of right triable by jury, and the order adjudging the contrary is erroneous. The embarrassment and expense entailed by this double and different trial of issues in the same action are obvious, but they present an argument to the legislature, not to the court. Order of reference affirmed. Order denying issues for a jury reversed. No costs to either party. All concur.