(23 Civ. Proc. R. 408.)

BRADLEY & CURRIER CO., Limited, v. HERTER et al.

(Superior Court of New York City, Special Term. April 17, 1894.)

1. RIGHT TO JURY TRIAL—WAIVER—WHAT CONSTITUTES.
   Where an action to foreclose a mechanic's lien, noticed for trial by plaintiff, appeared on the calendar on April 6th, and was set down for trial on April 17th, defendant did not waive his right to jury trial of questions of fact arising on a counterclaim by delaying to move therefor till April 9th, as he did not notice the case for trial himself, nor wait until the case was reached for trial before making the motion.

2. SAME—TIME OF MAKING MOTION.
    Gen. Rule Prac. 31, providing that, in cases where the trial of issues of fact is not provided for by the Code, a party desiring jury trial shall, within 10 days after issue joined, give notice of a motion therefor, does not apply in such case, since the motion is provided for by Code Civ. Proc. §§ 970, 974.

Action by the Bradley & Currier Company, Limited, against Frank W. Herter and others, to foreclose a mechanic's lien. Defendant Herter answered, setting up a counterclaim for $1,500 damages for plaintiff's failure to perform the contract sued on. The other defendants answered, claiming liens on the property. Defendant. Herter moves to state issues for trial by jury. Granted.

Austin E. Pressinger and Otis & Pressinger, for plaintiff.
Martin J. Keogh, for defendant Herter.
Frank Baker, for defendants Appell and Brose.

GILDERSLEEVE, J. The action is brought to foreclose a mechanic's lien. The defendant Herter served an answer denying material allegations of the complaint, and setting up a counterclaim for damages to said defendant by reason of plaintiff's failure to complete the contract set forth in the complaint. The plaintiff served a reply denying the allegations of the counterclaim. Notice of trial was served by the plaintiff for the special term, and the cause appeared on the special term calendar on April 6th instant, and was set down for trial for April 17th. On April 9th defendant Herter obtained an order to show cause, returnable April 12th, why issues should not be framed for trial by jury. It is this motion that is now to be determined.

In an action to enforce a mechanic's lien, it is imperative on the court to grant an application, seasonably made, for trial by jury of questions of fact arising on a counterclaim for damages. See Deeves v. Metropolitan Realty Co., 6 Misc. 91, 26 N. Y. Supp. 23. The plaintiff, however, contends that defendant has waived his right to a trial by jury by reason of laches; and plaintiff's counsel cites Mackellar v. Rogers, 109 N. Y. 468, 17 N. E. 350, affirming 52 N. Y. Super. Ct. 468, in support of his contention. But I hardly think that case can be held to apply to this motion, because in that case it was held that defendant had waived his rights, for the reason that he had himself noticed the cause for trial at special term, and he did not make his motion for a jury trial until the cause was reached for trial at the special term. In the case at bar the defendant is not guilty of either of these acts of waiver.

Nor do I think that rule 31 of the general rules of practice [1] sustains plaintiff's position, for that applies only to cases where the trial of issues of fact is not provided for by the Code, and the motion here under consideration is covered by the provisions of sections 970 and 974 of the Code. The motion is granted, without costs.

    [1] Gen. Rule Prac. 31, provides that, in a case where the trial of issues of fact is not provided for by the Code, a party desiring jury trial shall, within 10 days after issue joined, give notice of a special motion, to be made on the pleadings, that specific questions of fact involved therein shall be tried by jury.