Gtldersleeye, J.
The action is brought to foreclose a mechanic’s lien. The defendant Herter served an answer denying material allegations of the complaint, and setting up a counterclaim for damages to said defendant by reason of plaintiff’s failure to complete the contract set forth in the complaint. The plaintiff served a reply denying the allegations of the counterclaim. No *73 tice of trial was served by the plaintiff for the special term, and the cause appeared on the special term calendar on April 6th instant, and was set down for trial for April 17th. On April 9th defendant Herter obtained an order to show cause, returnable April 12, why issues should not be framed for trial by jury. It is this motion that is now to be determined.
In an action to enforce a mechanic’s lien, it is imperative on the court to grant an application, seasonably made, for trial by jury of questions of fact arising on a counterclaim for damages. See Deeves v. Metropolitan Realty Co., 6 Misc. 91; 55 St. Rep. 399. The plaintiff, however, contends that defendant has waived his right to a trial by jury by reason of laches; and plaintiff’s counsel cites Mackellar v. Rogers, 109 N. Y. 468; 16 St. Rep. 406; affirming 52 N. Y. Supr. Ct. 468, in support of his contention. But I hardly think that case can be held to apply to this motion, because in that case it was held that defendant had waived his rights, for the reason that he had himself noticed the cause for trial at special term, and he did not make his motion for a jury trial until the. cause was reached for trial at the special term. In the case at bar the defendant is not guilty of either of these acts of waiver. ■ '
Nor do I think that rule 31 of the general rules of practice sustains plaintiff’s position, for that applies only to cases where the trial of issues of fact is not provided for by the Code, and the motion here under consideration is covered by the provisions of §§ 970 and 974 of the Code. The motion is granted without costs.