Hugh McAleer, Jr., Respondent, *v.* Joseph F. Sinnott, Individually, and as Sole Surviving Partner of the Firm of Moore & Sinnott, Appellant.

*Action for services — when a compulsory reference will not be ordered — effect of a counterclaim for damages for a violation of the contract of employment.*

Where, on a motion for a reference, in an action to recover for services rendered, made on the ground that a trial of the action will require the examination of a long account, although the moving affidavit indicates that the plaintiff will be obliged to introduce evidence of several hundred distinct and separate sales, upon which his commissions must be computed, and that he will also be compelled to give proof of the delivery of about 125 different bills of goods, upon which he claims commissions, there is no statement or intimation that the different items of this proposed evidence are to be separately litigated, or that they are to be laid before the trial court for any purpose, except as a basis for a computation of the amount due the plaintiff in case his construction of the contract of employment is sustained, and the only attempt to show that their consideration would embarrass the jury is found in a statement in the plaintiff's affidavit that a copy of the account between the parties served by the defendant contains some eighteen items of amounts claimed to have been paid to or for plaintiff, " some of which will be disputed upon the trial of this action," a compulsory reference of the issues is not justified.

Where, in such an action, the answer denies that the plaintiff's services were worth the amount alleged in the complaint and avers that the plaintiff has been paid the entire sum due to him, except a certain sum specified, and, by way of counterclaim, charges the plaintiff with violation of his contract of employment, resulting in damages to the firm in a large amount, the counterclaim simply asserts a common-law demand for damages, which must be tried before a jury if the party asserting the demand so requires.

Appeal by the defendant, Joseph F. Sinnott, individually, and as sole surviving partner of the firm of Moore & Sinnott, from an

order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 30th day of March, 1898, directing a reference of the issues in the action.

*Henry B. Ketcham,* for the appellant.

*William P. Pickett,* for the respondent.

WILLARD BARTLETT, J. :

The plaintiff brings this action to recover a balance of $4,562.62, which he alleges to be due to him from the firm of Moore & Sinnott, in payment of work, labor and services done and performed for them as manager of their liquor business in New York city in 1893 and 1894. The answer denies that the plaintiff's services were worth the amount alleged in the complaint, and avers that the plaintiff has been fully paid the entire sum due him, except the sum of $861.18. By way of counterclaim the answer charges the plaintiff with violations of his contract of employment, resulting in damage to the firm in the amount of $4,561.83.

Upon the pleadings and an affidavit by the plaintiff that the trial of the action would require the examination of a long account, the court at Special Term has referred all the issues to a referee to hear and determine.

It seems quite clear that we ought to reverse this order. There was no power, against the objection of the defendant, to refer the firm's counterclaim for damages growing out of the plaintiff's alleged breach of the contract of employment. Where a counterclaim is interposed demanding an affirmative judgment against the plaintiff, the issues of fact arising thereon are triable in the same manner as though the cause of action stated in the counterclaim had been stated in the complaint. (Code Civ. Proc. § 974.) The counterclaim here simply asserts a common-law demand for damages, such as must be tried before a jury, if a party asserting the demand so requires. (*Deeves* v. *Metropolitan, etc., Co.,* 6 Misc. Rep. 91 ; affd., 141 N. Y. 587.)

In part, therefore, the order of reference must at all events be vacated. It seems to me, however, that the reversal should extend

to all the issues, and not be confined merely to those arising upon the counterclaim. The proof that the examination of a long account will be required in trying the issues presented upon the complaint is very meagre. The plaintiff's affidavit indicates that he will be obliged to introduce evidence of several hundred distinct and separate sales, upon which his commission must be computed; and that he will also be compelled to give proof of the delivery of about 125 different bills of goods upon which he claims commissions. There is no statement or intimation, however, that the different items of this proposed evidence are to be separately litigated, or that they are to be laid before the trial court for any purpose except as a basis for a computation of the amount due the plaintiff, in case his construction of the contract of employment is sustained. To warrant a compulsory order of reference, however, facts must be disclosed "from which the conclusion can be fairly drawn that so many separate and distinct items of account will be litigated on the trial that a jury cannot keep the evidence in mind in regard to each of the items, and give it the proper weight and application when they retire to deliberate upon their verdict." (*Spence* v. *Simis*, 137 N. Y. 616.) In the plaintiff's affidavit the only attempt to bring the present case within this rule is an averment that a copy of the account between the parties served by the defendant contains some eighteen charges of amounts claimed to have been paid to or for him, "some of which will be disputed upon the trial of this action." The statement that some out of eighteen items may be the subject of controversy would be satisfied, so far as truth is concerned, if only two or three such items were to be litigated. This is not enough. The pleadings and affidavits on which the order below was granted indicate that the controversy between the parties really turns, *first*, upon the terms and construction of the contract between them, and, *secondly*, upon the question whether the plaintiff has violated the contract as alleged in the counterclaim. They do not satisfy us that the trial will require any such examination of a long account as is necessary to justify a reference of the issues by compulsion. "Trial by a referee is an exceptional mode of judicial procedure, and when it is sought to coerce a suitor into a submission to it, the burden is upon the party applying for a reference to show by satisfactory proof that the case is within the excepted class." (*Cassidy* v.

*McFarland*, 139 N. Y. 201.)   The plaintiff has not sustained that burden in the present case.

The order should be reversed, with ten dollars costs and disbursements.

All concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.