THE IMPORTERS AND TRADERS' NATIONAL BANK OF NEW YORK, Respondent, v. LOUIS WERNER, Appellant.

*Compulsory reference — a long account must be directly, not collaterally, involved — guaranty that securities pledged will produce a certain sum — defense that other securities than those set up in the complaint were pledged.*

A compulsory reference will not be granted upon the ground that the trial will involve the examination of a long account unless such account is the immediate object of the action or the ground of the defense, and is directly and not collaterally involved.

The complaint in an action alleged that the plaintiff bank and the defendant Louis Werner entered into a contract by which the defendant guaranteed that the plaintiff would realize a certain sum "from the securities now held by said bank as collateral security for the payment of the indebtedness and liabilities of Henry Werner to said bank;" that the securities mentioned in the contract consisted of skins which had been sold, and the proceeds thereof applied in payment of the indebtedness, leaving a balance due to the plaintiff for which judgment was demanded.

The answer alleged that the securities mentioned in the instrument included not only the skins but forty-nine promissory notes, and that some of the notes so held had been collected by the plaintiff since the execution and delivery of the guaranty, and that the defendant " is unable, in the absence of an accounting by the said plaintiff, to state the precise amount of the sums collected by the said plaintiff upon account of the notes * * * and that the said defendant is entitled to an accounting by the said plaintiff as to all securities held by the said plaintiff against the indebtedness of the said Henry Werner and as to the amount collected by the said plaintiff upon account thereof."

The plaintiff made a motion for a compulsory reference upon the ground that the trial of the action would involve the examination of. a long account, and submitted in support thereof a formal affidavit of its attorney which, after quoting the allegations of the answer as to the necessity of the account, alleged " the only question involved in this case is one of fact, that is to say, as to the amounts that have been paid to or received by the plaintiff on account of the amount of said guaranty or applicable thereto."

The plaintiff also submitted the affidavit of its discount clerk tending to show that, in order to prove all the payments alleged in the answer to have been made or received on account of the guaranty and the disposition and payment of the notes, it would be necessary to examine into many accounts and transactions between the plaintiff and the defendant in respect to said notes; that the deponent's testimony on that subject would necessarily involve the examination of a long account, and that it would also be necessary to examine a long account between the plaintiff and Henry Werner.

The defendant submitted an answering affidavit alleging that the issue would be whether the notes described in the answer were included within the securities referred to in the guaranty; that if it should be found that the securities referred to included the notes, there would be, as he believed, no dispute as to the sums collected by the plaintiff on account thereof.

*Held*, that it did not appear that the trial would necessarily require the examination of a long account;

That the only account in question, namely, that between the plaintiff and Henry Werner, was collaterally and not directly involved, and could not form the basis of a compulsory reference.

APPEAL by the defendant, Louis Werner, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 17th day of July, 1900, granting plaintiff's motion for a compulsory reference under section 1013 of the Code of Civil Procedure.

*Benjamin N. Cardozo*, for the appellant.

*David Levy*, for the respondent.

HATCH, J.:

The order appealed from was granted upon the theory that the trial will require the examination of a long account, and was, therefore, justified by the statute. After careful examination of the questions presented and of the authorities, we are of the opinion that the order was improperly granted.

The action is brought to recover upon a written contract of guaranty, which reads as follows :

" For value received by the undersigned from the Importers and Traders' National Bank of New York, the undersigned promises and guarantees to said bank that it shall and will realize and receive from the securities now held by said bank as collateral security for the payment of the indebtedness and liabilities of Henry Werner to said bank, the aggregate amount of twelve thousand two hundred and five dollars ($12,205) and interest on that amount from this date.

" Witness the hand and seal of the undersigned this 9th day of November, 1893."

                    " LOUIS WERNER.   [SEAL.] "

It is alleged that the securities mentioned in the instrument were skins, which were and had been held by plaintiff as collateral security for the indebtedness of said Henry Werner ; that all of the skins so held were sold by the plaintiff with the consent of the defendant ; and that the plaintiff realized therefrom the net sum of $5,125.53, which, with the additional sum of $1,500 paid from other sources, was applied to the indebtedness of said Henry Werner so secured, leaving a balance due the plaintiff of $5,579.47, with interest on the original indebtedness from the date of the contract, for which sum and interest plaintiff demands judgment.

The answer admits the making of the contract, but denies that there is any sum due thereon ; and it is alleged, among other things, that the skins mentioned were not all the security held by plaintiff under the agreement, but that it had in addition thereto forty-nine promissory notes, which are enumerated and described, and that some of the notes so held have been collected by plaintiff since the execution and delivery of the instrument upon which the action is based, and that the defendant "is unable, in the absence of an accounting by the said plaintiff, to state the precise amount of the sums collected by the said plaintiff upon account of the notes * * * and that the said defendant is entitled to an accounting by the said plaintiff as to. all securities held by the said plaintiff against the indebtedness of the said Henry Werner and as to the amount collected by the said plaintiff upon account thereof," and, in effect, alleges what constitutes payment. The plaintiff's motion

is based upon the complaint and answer and upon two affidavits, one made by its discount clerk and the other by its attorney, to which was opposed the affidavit of the defendant.

The affidavit of the plaintiff's attorney is wholly formal, and states no facts tending to show that a long account is necessarily involved in the issues. Affiant quotes the allegations of the answer, hereinbefore quoted, as to the necessity for an accounting, and then alleges that " the only question involved in this case is one of fact, that is to say, as to the amounts that have been paid to or received by the plaintiff on account of the amount of said guaranty or applicable thereto."

The affidavit of the discount clerk tends to show that in 'order to prove all the payments alleged in the answer to have been made or received on account of the guaranty and the disposition and pay- ment of the notes it would be necessary to examine into many accounts and transactions between the plaintiff and defendant in respect to said notes, and that the testimony of deponent on that subject would necessarily involve the examination of a long account, and that it will be necessary also to go into an examination of a long account between the plaintiff and Henry Werner, for whose indebtedness the guaranty was given by defendant.

It is apparent from these statements and the facts and circum- stances disclosed by the pleadings that the only accounts that could be involved are the accounts between the plaintiff and Henry Wer- ner, who is not a party to this action, and whose accounts could only be involved collaterally.

The defendant in his affidavit alleges that the real question at issue will be the question whether the other securities described in the answer were or were not held by plaintiff as collateral security and were or were not included within the securities referred to in the guaranty. That if it should be found that the securities referred to included the notes, there will be, as he believes, no dispute as to the sums collected by the plaintiff on account thereof, as he has no reason to doubt that the plaintiff's figures as to collections made upon account of said securities will prove correct, requiring only formal proof as to the amount thereof and not the litigation of the separate items.

The moving papers come far short of showing that the trial will

necessarily require the examination of a long account, which is a prerequisite to the ordering of a compulsory reference against the objection of a party to the action.    For, if the plaintiff's contention that the only securities contemplated by the guaranty were the aforesaid skins, shall prove correct, then there will be no occasion for an examination of the items collected by the plaintiff on account of other securities.    If, on the other hand, it shall appear that the securities included in the guaranty embrace the notes, then it appears that there is not likely to be a dispute as to the sums which plaintiff has received which should be applied upon the cause of action set out in the complaint.    All the independent proof presented as to the probable course of the trial tends to show that it will not involve the examination of a long account, and under such circumstances the motion should have been denied.    Section 1013 of the Code of Civil Procedure is a re-enactment of portions of section 271 of the Code of Procedure, but without change of meaning or effect.

Under the Code of Procedure it was held in an early case, *Kain* v. *Delano*, in the Court of Appeals (11 Abb. Pr. [N. S.] 29), that " the right of a trial, in the mode and by the tribunal prescribed by law, is a substantial right, and it does not rest in the discretion of the court to deprive a party of that right, or to compel him to submit to the trial of an action, except in the manner and in the forum authorized by law.    The law only authorizes a compulsory reference of a single class of cases, viz., those actions in which the trial of an issue of facts will require the examination of a long account ; and when not referable under the statute, they must be tried either by a jury or by the court, unless the parties assent to some other form of trial."    In this case as in that the plaintiff's affidavit states generally that the trial will require the examination of a long account, but does not state how or why this is so, and this statement is circumstantially and fully denied in the affidavit of the defendant. And in that case as in this the accounts were not between the parties to the action and not the immediate object of the suit or ground of the defense ; and it was there held that the statute does not authorize a compulsory reference when the accounts will arise and come in question collaterally.    They must be the immediate object of the suit or the ground of the defense, that is, directly and not collaterally or incidentally involved.

As the making of compulsory references is an infringement upon the right of trial by jury, the courts, in the application of the statute, have been very careful not to so extend the rule as to include a case not clearly and unmistakably within the legislative intent.   It is not necessary to discuss at length the authorities cited in briefs of counsel.   We have examined them and refer to a few of the leading cases.

In *McAleer* v. *Sinnott* (30 App. Div. 318), decided in the second department of this court, Mr. Justice Bartlett, speaking of the affidavit of the plaintiff, said : " There is no statement or intimation, however, that the different items of this proposed evidence are to be separately litigated, or that they are to be laid before the trial court for any purpose except as a basis for a computation of the amount due the plaintiff,   *   *   *.   To warrant a compulsory order of reference, however, facts must be disclosed ' from which the conclusion can be fairly drawn that so many separate and distinct items of account will be litigated on the trial that a jury cannot keep the evidence in mind in regard to each of the items and give it the proper weight and application.' "   (*Spence* v. *Simis*, 137 N. Y. 616.)

The account to be examined must be the immediate object of the action or the ground of defense; it must be directly not collaterally involved.   (*Camp* v. *Ingersoll*, 86 N. Y. 433.)

The only account which can here be claimed to exist is one between the plaintiff and Henry Werner, the original debtor, and it can come in question only collaterally.   It is not the immediate object of the action, as already pointed out.

This case was followed in *C. & C. Electric Co.* v. *Walker Co.* (35 App. Div. 426) and *Loverin* v. *Lenox Corporation* (Id. 263).

And, finally, it has been held by the Court of Appeals in *Steck* v. *Colorado Fuel & Iron Co.* (142 N. Y. 236) that " The question as to whether an action is referable without consent of both parties is to be determined from the complaint alone.   If the cause of action there set forth is not referable without consent and the same is put in issue, defendant is entitled to trial by jury, and the action is not made referable by anything set up in the answer."

The question determined in 142 New York (*supra*) was much like the one at bar, except that it was more favorable to the moving party. In that case the complaint set forth a cause of action on contract

which was " gainsaid," or put in issue by the answer, which also set up counterclaims consisting of long accounts, and it was held that the ordering of a compulsory reference was error.

In the case here under consideration the answer does not set up a counterclaim, but only new matter by way of avoidance, tending to show payment, and the only way in which an account can be involved is in connection with the latter plea. The action is brought on an express contract, and in no possible way can involve an account, within the meaning of the statute as construed by the courts. It is a case in which defendant is entitled to a trial by jury.

Under these authorities the granting of the order herein was error.

The order appealed from should be reversed, with ten dollars costs and disbursements to the appellant, and the motion denied, with ten dollars costs.

VAN BRUNT, P. J., RUMSEY, INGRAHAM and MCLAUGHLIN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.