(36 Misc. Rep. 631.)

FROMER v. OTTENBERG et al.

(Supreme Court, Special Term, New York County. December, 1901.)

COMPULSORY REFERENCE.

  Under Code Civ. Proc. § 1013, authorizing compulsory reference in equity where the trial will require the examination of a long account and the decision of difficult questions of law, a compulsory reference will not be granted in an equitable action unless the account is the immediate object of the action or ground of the defense, and directly involved.

Action by Clara E. Fromer against Simon Ottenberg and others to restrain defendants from using plaintiff's trade-mark and for an accounting. Motion for a compulsory reference denied.

Wise & Lichtenstein, for plaintiff.
Charles H. Brush, for defendants.

CLARKE, J. This is a suit in equity to restrain defendants from using plaintiff's trade-marks and for an accounting to ascertain damages. The complaint alleges plaintiff's ownership; a license granted defendants to use the trade-marks in consideration of defendant's employing plaintiff's husband, Louis F. Fromer, as salesman under an agreement between said Fromer and defendants of even date with the license; performance by plaintiff and by said Fromer of all the terms of his agreement and its termination on January 1, 1901; that the license "was, by the terms of the agreements of the parties, to be coextensive with the agreement of hiring," and "expired on January 1, 1901"; but the defendants have, without authority, continued to use the trade-marks. The defendants' answer admits these allegations, except that they deny that plaintiff and said Fromer performed their agreements. They admit that such agreement expired on January 1, 1901, but deny that the license was coextensive with the agreement. For a further and separate defense the defendants aver that, under the terms of the agreement between them and Fromer, "it was agreed and provided that at the termination thereof the defendants should have the right or privilege of retaining the use of the trade-marks until they should be repaid for any balance due to them from the said Louis F. Fromer"; that the sum of $3,420.22 is still due. The complaint also alleges damages due to application of trade-marks to inferior grade cigars, and fraud on the public, which had relied on said Fromer's personal supervision. These allegations are denied by defendants. An application is made by the plaintiff for a compulsory reference. "Where the trial will require the examination of

a long account on either side, and will not require the decision of difficult questions of law," such a reference may be directed. Code Civ. Proc. § 1013. But in equitable actions the power of the court is limited by the condition "where the trial will require the examination of a long account," as it is in actions at law. Thayer v. McNaughton, 117 N. Y. 111, 22 N. E. 562. The account must be the immediate object of the action or ground of the defense, and directly, and not collaterally, involved. Camp v. Ingersoll, 86 N. Y. 433; Bank v. Werner, 54 App. Div. 435, 66 N. Y. Supp. 996. This suit is not brought on any account between the plaintiff and the defendants. The pleadings and affidavits show clearly that the only accounts that may be involved are accounts between the defendants and Louis F. Fromer, who is not a party to the suit. The defendants take issue with the plaintiff on her performance of the agreement and the time of the expiration of the license, and plead by way of avoidance, claiming that the terms of their agreement with said Fromer authorize the continued use of the trade-marks until all sums due by said Fromer to defendants have been paid, and further claim that there is a considerable balance due defendants. The proof of this balance will involve a long account, but it is collateral to the issues raised, and may never have to be determined. Should it become material, the trial court may direct a reference to determine the condition of the account.

Motion denied. Ten dollars costs.