(114 App. Div. 865)

BENTZ v. CARLETON & HOVEY CO.

(Supreme Court, Appellate Division, Second Department. July 24, 1906.)

REFERENCE—LONG ACCOUNT—ACCOUNTS NOT DIRECTLY INVOLVED.

In an action for commissions under a contract by plaintiff's assignor to procure advertising space for defendant, pursuant to which contract defendant contracted with the publishers of nearly 400 different newspapers, the fact that the amount of plaintiff's recovery was to be determined by ascertaining the gross amount of all defendant's contracts with the publishers did not render those accounts directly involved in the action, so as to entitle defendant to a compulsory reference.

Appeal from Special Term, Westchester County.

Action by Harry Bentz against the Carleton & Hovey Company. From an order granting a motion for a compulsory reference, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and HOOKER, RICH, MILLER, and GAYNOR, JJ.

Charles A. Brodek, for appellant.
Morton L. Fearey, for respondent.

RICH, J. Plaintiff's action is for commissions upon a contract with the defendant by his assignor to procure advertising space for defendant's use, as a result of which the defendant contracted with the publishers of 386 different newspapers. The account between these publishers and the defendant is not directly involved in this action, but is involved collaterally only to the extent that the amount of plaintiff's recovery, if he is to recover, must be determined by ascertaining the gross amount of such contracts. The account read on the motion shows the indebtedness of defendant to the various publishers, and does not pretend to state an indebtedness of defendant to plaintiff's assignor.

A compulsory reference is only authorized by the statute because the

examination of a long account is involved. When the account to be examined is the immediate object of the action, and is directly involved, and when the account is to be examined for the purpose only of affording evidence upon which the plaintiff relies to fix the amount of his recovery, he cannot be compelled to accept a reference. Loverin v. Lenox Corporation, 35 App. Div. 263, 54 N. Y. Supp. 724; C. & C. Electric Co. v. Walker Co., 35 App. Div. 426, 54 N. Y. Supp. 810; Camp v. Ingersoll, 86 N. Y. 433.

It is not made to appear that the separate account of defendant with the publishers of the papers in which it advertised will be litigated upon the trial of the action. See Spence v. Simis, Jr., 137 N. Y. 616, 33 N. E. 554.

While we have given careful consideration to the argument of the learned counsel for the respondent we are of the opinion that this case is brought within the principle declared in McAleer v. Sinnott, 30 App. Div. 318, 51 N. Y. Supp. 956, in which it was held that where there is no statement or intimation that the different items are to be separately litigated, or that they are to be laid before the trial court for any purpose exists as the basis for a computation of the amount due the plaintiff in case his construction of the contract is sustained, a compulsory order of reference ought not to be made.

The order must be reversed, with $10 costs and disbursements, and defendant's motion denied, with $10 costs. All concur.