writ of habeas corpus the relator appeals. Reversed, and Peter Forrester discharged from the lunatic asylum, and delivered over to the custody and confinement whence he came.

Peter Forrester being held in confinement under an indictment in the county of New York for grand larceny, the court appointed a commission of three to examine him and report to the court as to his sanity. The commission reported to the court in substance that he was not insane, but mentally impaired. Thereupon the court committed him to a state lunatic asylum.

Argued before WOODWARD, JENKS, GAYNOR, and MILLER, JJ.

William Hawkins, for appellant.

Robert S. Johnstone, for respondents.

GAYNOR, J. Section 658 .of the Code of Criminal Procedure provides that if a defendant in confinement under an indictment appears to be "insane" the court may appoint a commission to examine him and report to the court "as to his sanity." The next section provides that if the commission find the defendant "insane" the trial must be suspended until he become sane, and the court, if it deem his discharge dangerous to the public peace or safety, must commit him to a state lunatic asylum until he become sane.

The jurisdiction of the court to commit the defendant to a lunatic asylum is thus made to depend on the commission reporting him insane. This the commission did not do. Instead of plainly reporting that the defendant was insane or not it wrote what it calls an opinion "per curiam" which leaves the matter referred to them in a state of confusion.

The order should be reversed and the defendant discharged from the lunatic asylum and delivered over to the custody and confinement whence he came.

Order reversed, with $10 costs and disbursements, and defendant discharged from the lunatic asylum, and delivered over to the custody and confinement whence he came. All concur.

---

(114 App. Div. 868)

### SMITH et al. v. LONDON ASSUR. CORP.

(Supreme Court, Appellate Division, Second Department. July 24, 1906.)

1. REFERENCE—ACCOUNTS—EXAMINATION INCIDENTALLY ALLOWED.

Where, in an action by auditors for examining books, defendant counterclaims for damages for money embezzled by its servant, alleged to be due to the negligence of plaintiffs, the examination to ascertain the defalcations is only incidentally involved, and therefore is not ground for a compulsory reference, under Code Civ. Proc. § 1013.

2. SAME—EXAMINATION OF LONG ACCOUNT.

No examination of a long account is necessarily involved, so as to require a reference under Code Civ. Proc. § 1013, where the action is for the value of services of auditors in examining books, and it is apparent that the services can all be embraced under two heads—those rendered before the discovery of an embezzlement by defendant's servant, and those performed thereafter—all being performed under one contract and being the same in character; and this, though the services extended over a period of years and were performed on many different days.

Appeal from Special Term, Kings County.

Action by Arthur W. Smith and others against the London Assurance Corporation. From an order of reference, plaintiffs appeal. Reversed, and motion denied.

See 96 N. Y. Supp. 820.

Argued before HIRSCHBERG, P. J., and HOOKER, GAYNOR, RICH, and MILLER, JJ.

Willard U. Taylor, for appellants.

Willard Parker Butler (Edwin T. Rice, on the brief), for respondent.

MILLER, J. The plaintiffs complain on a quantum meruit for services rendered the defendant as professional auditors and accountants in examining the defendant's books and accounts, reporting thereon, and making recommendations in relation thereto over a period from September, 1898, to December, 1903, and for disbursements amounting to $95.89 incurred in connection therewith, and allege the reasonable worth of such services and disbursements to have been $7,931.59, and that only the sum of $250 had been paid thereon. The answer is in effect a general denial, except that it admits the payment of $250, and sets up a counterclaim for $26,279.96 for moneys embezzled by the defendant's servant, alleged to have been due to the negligence, carelessness, and want of skill of the plaintiffs. The plaintiffs furnished the defendant a statement, itemized by days, showing the time they and their servants were engaged in said work. While this statement covers several pages of the record, it is long simply because it enumerates each day of the employment. Upon said statement, the pleadings, and an affidavit setting forth the issues to be litigated and enumerating a large number of books and accounts, which the defendant claims the plaintiffs were employed to examine and of which an examination on the trial is claimed to be necessary, the defendant moved at Special Term and obtained a compulsory order of reference, pursuant to section 1013 of the Code of Civil Procedure, from which this appeal is taken.

It is claimed that the trial will involve the examination of a long account, first, to ascertain the services rendered by the plaintiffs; second, to ascertain the defalcations of the defendant's servant, which are claimed to have extended over a period of several years, and to ascertain which will involve the examination of a large number of books. As to the latter claim, it is plain that the examination of the account referred to is only incidentally or collaterally involved, and is therefore not such an account as warrants a compulsory reference within the meaning of the statute. Loverin v. Lenox Corporation, 35 App. Div. 263, 54 N. Y. Supp. 724, and cases cited. As to the first claim, we think it equally plain that the trial will not necessarily involve the examination of a long account within the meaning of the statute. From the papers presented on the motion, it is apparent that the two issues seriously to be litigated are the value of the plaintiffs' services and the question of their carelessness or want of skill. The mere fact that the statement of the time spent by the plaintiffs, when itemized by days, is long, does not make it a long account within the meaning of the statute. It is manifest that these items can be so grouped on the trial that

a jury will have no unusual burden. "A party cannot be permitted to deprive his adversary of a trial by jury unless it affirmatively appears, with reasonable certainty, that the hearing of the case will require the examination of a long account. Code Civ. Proc. § 1013. It is not sufficient to uphold a compulsory order of reference to demonstrate that there is a possibility that in the course of the trial the investigation of the correctness of such an account may become necessary. Thayer v. McNaughton, 117 N. Y. 111, 22 N. E. 562. Facts must be disclosed, either by affidavit or upon the face of the pleadings, from which the conclusion can be fairly drawn that so many separate and distinct items of account will be litigated on the trial that a jury cannot keep the evidence in mind in regard to each of the items and give it the proper weight and application when they retire to deliberate upon their verdict." Spence v. Simis, 137 N. Y. 616, 33 N. E. 554. See, also, Feeter v. Arkenburgh, 147 N. Y. 237, 41 N. E. 518.

It is apparent from the papers that the services can all be embraced under two heads, to wit: First, those rendered before the discovery of said embezzlement; and, second, those rendered after such discovery. They were all performed under one employment, and are the same in character. The fact that they extended over a period of years and were performed on many different days does not necessitate the examination of a long account, within the meaning of the statute.

The order should be reversed, with $10 costs and disbursements, and the motion denied, with costs. All concur.