### DALY et al. v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. April 4, 1912.)

REFERENCE (§ 8*)—EXAMINATION OF LONG ACCOUNT—NECESSITY FOR EXAMINATION.

Code Civ. Proc. § 1013, provides for reference where the trial will require the examination of a long account. In a suit against a city to recover a balance of nearly $150,000 on a contract for the removal of snow at specified sums per cubic yard, the prices varying according to different districts, the moving papers for a reference showed that, while a large number of witnesses might be required to show the number of cubic yards removed, there was only a possibility that the examination of the long account would be involved, and that as to the plaintiff the only issue was the compensation due, as computed on the number of cubic yards shown to have been removed. *Held*, on defendant's appeal, that the order of reference could not be sustained.

[Ed. Note.—For other cases, see Reference, Cent. Dig. §§ 13–23; Dec. Dig. § 8.*]

Appeal from Special Term, New York County.

Action by Daniel Daly and another against the City of New York. From an order on plaintiffs' motion referring the issues, defendant appeals. Reversed, and motion denied.

Argued before INGRAHAM, P. J., and CLARKE, McLAUGHLIN, SCOTT, and DOWLING, JJ.

Clarence L. Barber, for appellant.
Arnold L. Davis, for respondents.

McLAUGHLIN, J. This action is to recover the sum of $144,-440.51, a balance alleged to be due under a contract for work, labor, and services performed for the defendant in the removal of snow and ice between December 5, 1908, and February 11, 1909. The complaint alleges that the contract provided that a specified sum should be paid

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

per cubic yard for the snow and ice removed, the price varying some-
what according to the districts of the city; that the plaintiffs, as the
snow and ice were removed, were to deliver to the commissioner of
street cleaning vouchers setting forth the amount removed, and, when
the correctness of these vouchers had been certified by inspectors, that
then the city would pay to the plaintiffs 90 per cent. of the amount
stated therein to be the value of the work done, and that immediately
after the 15th of April, 1909, if the plaintiffs had completely performed
the contract on their part, and the same should have been so certified,
then the balance would be paid within 30 days thereafter; that the
plaintiffs proceeded to carry out the terms of their contract, and were so
engaged on the 11th of February, 1909, when, without fault on their
part, the defendant canceled and abrogated the same, and prevented
the plaintiffs from further performance; that the plaintiffs, prior to
that time, had fully performed all of the terms and conditions of the
contract, except such as had been waived, but that the defendant had
failed to keep and perform on its part, in that it had neglected and re-
fused to make payments as provided, and had also refused to certify
to the correctness of the vouchers or the amount of the work done;
that on the 11th of February, 1909, the work performed by the plain-
tiffs, at the contract prices, amounted in the aggregate to the sum of
$165,529.58, of which there had been paid the sum of $21,089.07,
leaving a balance due and unpaid of $144,440.51, for which judgment
was demanded. The complaint also contained a second cause of ac-
tion; but, so far as the purposes of this action are concerned, the same
has been duly waived. The answer put in issue the material allegations
of the complaint. After issue had been joined, the plaintiffs moved, on
the ground that the trial would require the examination of a long ac-
count and not the determination of difficult questions of law, for the
appointment of a referee to hear and determine. The motion was
granted, and an order entered to this effect, which was subsequently
resettled, and the defendant appeals.

It is sought to sustain the order by virtue of the provisions of
section 1013 of the Code of Civil Procedure, which provides that the
court may, of its own motion, or upon the application of either party
without the consent of the other, direct the trial of an issue of fact by
a referee, where the trial will require the examination of a long ac-
count on either side, and will not require the decision of difficult ques-
tions of law. The papers presented upon the motion did not show that
the trial will necessarily involve the examination of a long account
within the meaning of the section referred to. According to the con-
tract plaintiffs were to be paid so much per cubic yard for the snow
and ice removed. Once that has been ascertained, then the amount to
which the plaintiffs are entitled, if anything, is a mere computation.
It may very well be that a large number of witnesses will be required
to show just how many yards were removed; but, if so, this does
not establish that a long account will in any way be involved within
the meaning of the statute. It is not sufficient, to uphold a compulsory
order of reference, to show there is a possibility that the examination
of a long account will be involved; but that fact must be shown with
reasonable certainty (Spence v. Simis, 137 N. Y. 616, 33 N. E. 554),

and until that has been established a party cannot deprive his adversary of a jury trial (Thayer v. McNaughton, 117 N. Y. 111, 22 N. E. 562; Smith v. London Assurance Corporation, 114 App. Div. 868, 100 N. Y. Supp. 194).

Here, so far as the plaintiffs are concerned, the only issue will be the number of cubic yards removed, and, that fact being established, then nothing further will be required, except to multiply that by the compensation agreed to be paid. Obviously, such computation will not involve the examination of a long account within the meaning of the statute, nor is it apparent that a jury would have any difficulty in making it.

The order appealed from, therefore, is reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.