KINGS COUNTY LIGHTING COMPANY, Appellant, *v.* EGBURT E. WOODBURY, as Attorney-General of the State of New York, and OSCAR S. STRAUS and Others, Composing the Public Service Commission for the First District of the State of New York, and the CITY OF NEW YORK, Respondents.

First Department, April 5, 1917.

Reference — examination of long account — Code Civil Procedure, § 1013, applies to legal and equitable causes — suit not involving examination of long account.

The authority for ordering a compulsory reference must be found in section 1013 of the Code of Civil Procedure, which is applicable as well to suits in equity as to actions at law.

Even in a suit in equity triable by the court, a compulsory reference cannot be ordered unless it appears that the trial will require the examination of a long account and that no difficult questions of law are involved.

Moreover, a compulsory reference may not be ordered where the accounts to be examined do not directly arise in the action upon the complaint or the defense, but are merely collaterally or incidentally involved.

Suit to restrain the enforcement of chapter 604 of the Laws of 1916, which reduced the price of gas supplied to customers of certain wards of the city of New York, from one dollar to eighty cents per 1,000 cubic feet, it being contended that the statute was confiscatory and thus unconstitutional in depriving the plaintiff of its property without due process of law. *Held*, that, although an accounting as to the earnings and expenses of the plaintiff may be necessary, the examination of a long account was not involved within the meaning of the statute and that a compulsory reference to hear and determine was unauthorized.

APPEAL by the plaintiff, Kings County Lighting Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 8th day of January, 1917, appointing a referee to hear and determine the issues herein.

*Samuel F. Moran,* for the appellant.

*Edgar Bromberger,* for the respondents.

SCOTT, J.:

The sole question of law presented on this appeal is as to the power of the court to make a compulsory order of reference.

The action is in equity and is brought to restrain, for alleged unconstitutionality, the enforcement of chapter 604 of the Laws of 1916, amending chapter 125 of the Laws of 1906, the effect of the amendment being to reduce the price of gas supplied to others than the city of New York, in the thirtieth and thirty-first wards of the city of Brooklyn, from one dollar per 1,000 cubic feet to eighty cents. The plaintiff's field of operation comprises the territory affected, in which it and its predecessors have continuously supplied gas since the year 1889. It serves a population of about 78,000 persons and has a plant and property estimated to be worth upwards of $4,500,000.

The complaint alleges that to compel a reduction of the price of gas to eighty cents per 1,000 cubic feet would be unreasonable and confiscatory because that rate would not produce sufficient revenue to pay the cost of manufacture and distribution and also allow a fair and reasonable return upon the capital employed in the service. This it is complained would be to deprive the plaintiff of its property without due process of law, thus violating both the Federal and the State Constitutions. (See U. S. Const. art. 1, § 10, subd. 1; Id. 14th Amendt. § 1; State Const. art. 1, §§ 6, 7.) The complaint is a long one, which is mainly taken up with a history of the various acts of the Legislature affecting the price of gas, and with a recitation of certain proceedings before the Public Service Commission, First District, upon a complaint as to the price charged for gas by the plaintiff.

The answers are in effect general denials.

It is quite evident that the trial of the cause may be a protracted one. It will be necessary for the plaintiff to prove the value of its investment, its cost of operation and its actual income at the rate charged before the taking effect of the challenged act, and its probable income if that act be put into force. Doubtless it would be more convenient for counsel, and would lessen the burden upon the court, if the cause were sent to a referee for trial, but that consideration is not determinative of the present question which has to do with an attempt to impose a reference compulsorily upon an objecting litigant. The authority for ordering such a reference must be found under section 1013 of the Code of Civil Procedure which is applicable as well to suits in equity as to actions at law. That section reads as follows: "The court may, of its own motion, or upon the application of either party, without the consent of the other, direct a trial of the issues of fact, by a referee, where the trial will require the examination of a long account, on either side, and will not require the decision of difficult questions of law. In an action, triable by the court, without a jury, a reference may be made, as prescribed in this section, to decide the whole issue, or any of the issues; or to report the referee's finding, upon one or more specific questions of fact, involved in the issue."

The learned court at Special Term correctly apprehended the limitation upon the power of the court to order a compulsory reference, which it expressed in the following terms: "It is equally well settled that in an action in equity where no absolute right to trial by jury exists it is nevertheless a prerequisite to granting a compulsory order of reference to show that the case falls within the legislative authority to order such a reference. In other words, it must appear that the trial will require the examination of a long account on either side, and will not require the decision of a difficult question of law. [Sec. 1013, Code Civ. Pro.; *Camp* v. *Ingersoll*, 86 N. Y. 433; *Thayer* v. *McNaughton*, 117 N. Y. 111, 113, 114.] It is also well recognized that a compulsory reference may not be ordered where the accounts to be examined do not directly arise in the action, whether upon the complaint therein or the defense, but are merely collaterally or incidentally involved. [*Kain* v. *Delano*,

11 Abb. Pr. [N. S.] 29, 36; *Doyle* v. *M. E. R. Co.*, 136 N. Y. 505, 510; *Importers & Traders' Nat. Bank* v. *Werner*, 54 App. Div. 435, 439; *Bentz* v. *Carleton & Hovey Co.*, 114 App. Div. 865.] "

The question to be determined, therefore, is whether, within the meaning of section 1013 of the Code, it appears that the trial of the action will require the examination of a long account, not merely collaterally or incidentally involved, and will not require the decision of difficult questions of law.

In our opinion it cannot be said that the trial will involve the examination of a long account as those words are construed by the adjudicated cases. It is true that in order to establish certain facts which it will be incumbent upon the plaintiff to prove reference may be necessary to its books of account but such reference will be merely incidental, and it is by no means certain that even this reference to the books of account will have to be made before the court. In *Loverin* v. *Lenox Corporation* (35 App. Div. 263) the action was by an architect to recover his commission based upon the cost of the building. There had been a large number of contractors and it was urged in support of a motion for a compulsory reference that it would be necessary to examine all of their accounts in order to ascertain the cost of the building. The motion was denied, the court saying: "It has been repeatedly held that the account referred to in the statute must be either an account of one or both of the parties, or one which is directly involved in the action. In other words, if it is incidental or collateral to the cause of action, it is not such an account as is contemplated by the statute, even though it contains many items and may become the subject of examination upon the trial" (citing cases).

In *C. & C. Electric Co.* v. *Walker Co.* (35 App. Div. 426) the action was for royalties upon sales of patented articles by the defendant. A compulsory reference of all the issues was ordered at Special Term and sought to be sustained on appeal because, as it was said, it would be necessary to examine the books of account of the defendant in order to ascertain the amount of its sales, and thus determine the sum upon which royalties were due. The order was reversed by this court

upon the same grounds as those stated in the case last above cited.

It is true that both of these cases were actions at law, but, as has already been observed, section 1013 of the Code governs equally both actions at law and suits in equity. *Camp* v. *Ingersoll* (86 N. Y. 433), which is a leading case, was a suit in equity, or at least was assumed to be such for the purposes of the decision as to its referability. The ultimate fact to be determined was the value of the capital stock of a corporation and it was conceded that to ascertain that value it would be necessary to examine the books of account of the corporation. The Court of Appeals held that this circumstance did not make the cause referable under section 1013 of the Code because the accounts to be examined within the purview of that section "must be the immediate object of the action, or the ground of defense, and must be directly and not collaterally involved." The court expressly recognized, as we recognize in the present case, that a reference might afford a more convenient method of trying the cause than to try it in court, and that a trial before the court might prove to be tedious and unsatisfactory, but notwithstanding that, felt bound to hold, as we do, that the cause was not referable against the objection of one of the parties.

Having arrived at this conclusion it is unnecessary to inquire whether any difficult questions of law will require decision, although it seems quite probable that some such may arise.

We feel constrained to hold, upon the authorities above referred to and many others, that the action is not one in which a compulsory reference to hear and determine can be ordered.

The order appealed from must, therefore, be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., LAUGHLIN, SMITH and SHEARN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.