CATHARINE M. AMSDEN, Appellant, *v.* THE TRADERS NATIONAL BANK OF ROCHESTER, Respondent.

Fourth Department, March 13, 1918.

Reference — examination of long account — compulsory reference denied — banks — relation between bank and depositor — gift of bank account by husband to wife — set off — when personal representatives of deceased donor necessary parties.

Appeal from an order directing a compulsory reference upon the ground that the examination of a long account is involved. The plaintiff sues to recover a bank deposit consisting of moneys credited to her account

but which were deposited in the bank by her husband, who has since died insolvent. The defendant claims a right to offset an indebtedness owing by the husband to it. *Held,* that the defendant failed to show that an examination of a long account will be involved within the rules governing compulsory reference.

In order that such reference may be granted it must appear with reasonable certainty that the examination of a long account will be involved on the trial and it must directly arise in the action and not merely collaterally or incidentally.

*It seems,* that the relation between a bank and its depositors is legally that of debtor and creditor and the element of a trust is not involved.

*It seems,* that a husband has a right to give to his wife moneys deposited by him in a bank and to make her the creditor of the bank instead of himself, though such gift may be in fraud of creditors if at the time the husband is insolvent.

*It seems,* that even if the defendant bank be entitled equitably to set off its claim against the plaintiff's claim, the personal representative of the deceased husband is a necessary party to the suit.

APPEAL by the plaintiff, Catharine M. Amsden, from an order of the Supreme Court, made at the Rochester Special Term and entered in the office of the clerk of the county of Monroe on the 18th day of December, 1917, referring the issues herein to a referee to hear, try and determine.

*Herbert J. Stull,* for the appellant.

*Lewis, McKay & Bown* [*Arthur H. Smith* of counsel], for the respondent.

KRUSE, P. J.:

A compulsory reference was directed which was resisted by the plaintiff, and the question is whether it has been made to appear that the trial will require the examination of a long account.

The defendant bank credited, as directed by plaintiff's husband, certain moneys paid to it by the husband. The account consists of several items, but the amounts are not in dispute. It is contended by the defendant that the moneys actually belonged to the husband and not to the wife and that the bank should be allowed to offset an indebtedness owing by the husband to the bank. The husband has since died and his estate is insolvent. Ordinarily the legal relation between a bank and its depositor is that of

debtor and creditor and the element of a trust is not involved. (*Ætna National Bank* v. *Fourth National Bank,* 46 N. Y. 86.) The husband had the right to give her the moneys and make her the creditor of the bank instead of himself. The bank seems to have so regarded the transaction as it credited the moneys to her account. Of course, if he was insolvent at that time, the gift (if it was a gift) may be fraudulent as to then existing creditors of the husband and the defendant bank be entitled equitably to set off its claim against the plaintiff's claim, but I do not see how that can be done in the absence of the personal representatives of the deceased husband who are not parties to the action. (*Lawrence* v. *Bank of the Republic,* 35 N. Y. 320; *Miller* v. *Hall,* 70 id. 252; *First Nat. Bank* v. *Shuler,* 153 id. 171.) Even if an equitable setoff or counterclaim were available to the plaintiff it would not justify a compulsory reference. (*Steck* v. *Colorado Fuel & Iron Co.,* 142 N. Y. 236.) Not only must it appear with reasonable certainty that the examination of a long account would be involved on the trial (*Daly* v. *City of New York,* 150 App. Div. 106), but it must directly arise in the action and not merely collaterally or incidentally. (*Kings County Lighting Co.* v. *Woodbury,* 177 App. Div. 451.)

The history and principles relating to compulsory references were very fully stated by the Court of Appeals in the *Steck* case and no further discussion here is necessary or useful. It is enough to state our conclusion: We think it has not been made to appear that the examination of a long account will be involved upon the trial within the rule governing compulsory references.

The order should, therefore, be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

All concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.