The Bronx Gas and Electric Company, Respondent, *v.* The Public Service Commission of the State of New York for the First District, Lewis Nixon, Constituting the Public Service Commission for the First District, and Others, Defendants, Impleaded with Edward J. Glennon, as District Attorney of the County of Bronx, and the City of New York, Appellants.

First Department, March 4, 1921.

References — suit to have statutes fixing gas rates declared unreasonable and confiscatory — court may order reference under Code of Civil Procedure, section 1013, where long and complicated accounts must be examined.

Under section 1013 of the Code of Civil Procedure the court may order a reference in a suit in equity by a public service corporation to have cer-

tain statutes, fixing the price of gas supplied by it, declared unconstitutional, on the ground that they are unreasonable and confiscatory, where long and complicated accounts and numerous items entering into the cost of production must be inquired into.

SMITH, J., dissents.

APPEAL by the defendants, Edward J. Glennon and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 31st day of December, 1920, appointing a referee to hear and determine the whole issue.

*Judson Hyatt* of counsel [*James A. Donnelly* with him on the brief; *John P. O'Brien, Corporation Counsel*], for the appellants.

*William L. Ransom* of counsel [*Edward L. Blackman, Charles A. Vilas* and *Jacob H. Goetz* with him on the brief; *Atwater & Cruikshank*, attorneys], for the respondent.

PAGE, J.:

The action is brought by the plaintiff, a public service corporation, to have chapter 125 of the Laws of 1906, in so far as it provides that the plaintiff may not charge or receive for gas manufactured, furnished or sold a sum in excess of one dollar per 1,000 cubic feet, and chapter 736 of the Laws of 1905, in so far as it prevents plaintiff from charging or receiving from the city of New York more than seventy-five cents for said gas, declared and adjudged to be now and to have become on January 1, 1917, and ever since to have been unreasonable, confiscatory, unconstitutional and void.

On the motion for a reference the attorney for the Public Service Commission and the Attorney-General acquiesced in the propriety of the appointment of a referee. The district attorney of Bronx county and the corporation counsel of the city of New York opposed such an appointment. Of all the defendants, the city of New York alone appears on this appeal.

The appellant contends that section 1013 of the Code of Civil Procedure does not authorize the compulsory appointment of a referee, except in cases where an account is directly and not incidentally involved. The action is in equity and

not at law, and, therefore, there is no question of the rights of the parties to a trial by jury which might be violated. (*Municipal Gas Co.* v. *Public Service Commission,* 225 N. Y. 89, 101.) The question to be determined is, does the rate allowed to be charged by statute afford a reasonable return on the property devoted to the public use. The rules governing such a determination have been definitely formulated by many decisions of the courts of the State and of the United States.

It is not necessary to recapitulate the elements entering into the determination, one of which alone is sufficient to show that the examination of long and complicated accounts is necessary to the determination of the ultimate issue. The acts which it is sought to have declared unconstitutional were passed fifteen and sixteen years ago. The practical experience of the company under these acts up to the 1st day of January, 1917, taking into consideration the changes that would be occasioned by the increase in the cost of materials and labor will be the determining factors in the case. When these acts were first challenged the United States Supreme Court refused to hold them unconstitutional on the prophecy of experts, but said in conclusion: " It may possibly be, however, that a practical experience of the effect of the acts by actual operation under them might prevent the complainant from obtaining a fair return, as already described, and in that event complainant ought to have the opportunity of again presenting its case to the court. To that end we reverse the decree, with directions to dismiss the bill without prejudice." (*Willcox* v. *Consolidated Gas Co.,* 212 U. S. 19, 54.)

The examination of the accounts of the company, with the proper segregation of the expenses in order that the relation of the costs of certain items to the total cost of production may be determined, and the effect of increase of the cost in such items upon the percentage of return from the property devoted to the public use, the extent and value of which must be determined, shows that " There are complicated accounts to be unraveled, receipts and disbursements to be classified and distributed, the properties and transactions of a great business to be appraised and dissected." (*Municipal Gas Co.* v. *Public Service Commission, supra.*) Therefore, in determining the

main issue, the examination of a long account will be required, and the court had power to order a reference of the issues. It is contended that this result is contrary to our decision in *Kings County Lighting Co.* v. *Woodbury* (177 App. Div. 451). In that case the attorney for the plaintiff contended that it could prove its case without going into its accounts and showing past transactions. The court was largely influenced by this argument in making its decision. Since then there have been a number of these rate cases considered by the courts, and experience has demonstrated the futility of the hope and expectation so confidently expressed by counsel at that time. In fact, a reference to the opinion in that case at Special Term (110 Misc. Rep. 204–250, *sub nom.* *Kings County Lighting Co.* v. *Lewis*) shows with what detail the accounts of the company were presented and analyzed upon the trial.

In the case at bar, all agree that the accounts will have to be examined. The *Kings County Lighting Co.* case is not controlling on this appeal.

The order should be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., DOWLING and GREENBAUM, JJ., concur; SMITH, J., dissents.

Order affirmed, with ten dollars costs and disbursements.