# THE

# New York Supplement

## VOLUME 109,

AND

## New York State Reporter,

## VOLUME 143.

---

CLAFFEY v. MADISON AVENUE CO.

(Supreme Court, Appellate Division, First Department. March 13, 1908.)

REFERENCE—COMPULSORY REFERENCE FOR TRIAL OF ISSUES—PART OF ISSUES.
　　In an action at law, where the whole issues should not be so tried, the court cannot refer a particular issue for trial by a referee and leave the remainder to be tried by a jury.

Appeal from Special Term.

Action by Margaret A. Claffey, administratrix, against the Madison Avenue Company. From an order denying a motion for reference of a part of the issues, defendant appeals. Affirmed, with leave to renew the motion to refer the whole issues.

Argued before PATTERSON, P. J., and INGRAHAM, Mc-LAUGHLIN, CLARKE, and SCOTT, JJ.

Payson Merrill, for appellant.
Richard K. McGonigal, for respondent.

INGRAHAM, J. I do not think in an action at law the court has power to refer a part of the issues presented by the pleadings reserving issues to be tried by a jury. The case of Hoffman House v. Hoffman House Café, 36 App. Div. 176, 55 N. Y. Supp. 763, is not an authority to sustain that proposition. In that case it was held that the defendant was entitled under the Code to a trial by jury of an issue raised by the reply to a counterclaim, and that he did not lose his right to such a trial by a reference of so much of the action as involved the plaintiff's claim. In the report of that case it does not clearly appear

whether the action was at law or in equity; but, assuming that it was an action at law, the situation was different from that here presented, as in that case the plaintiff moved for a reference of the whole issues, to which the defendant objected, on the ground that he was entitled to have the issues raised by the reply to his counterclaim tried by a jury, and this court sustained that claim.

In an action at law there can be but one judgment, and that judgment can only be entered after all of the issues are disposed of. I know of no authority for the clerk or the court, on entering the judgment to which a party is entitled, to be compelled to offset the verdict of a jury on one side with the report of a referee or the decision of the court without a jury on the other, or go through any such computation or offset, and then enter a judgment upon the resulting balance in favor of one party or the other. The provisions of the Code in relation to the entry of judgment provide for several judgments in a case where an action is against two or more defendants. Code Civ. Proc. § 1205. Section 1228 of the Code of Civil Procedure provides for a judgment upon trial by court or referee of the whole issues of fact. In section 1225 of the Code provision is made for the judgment to be taken after certain issues have been tried by a jury; but that section applies only to an action triable by the court when one or more specific questions of fact arising from the issues have been tried by a jury. There is no provision which authorizes the entry of judgment in an action at law, where one issue has been tried by a jury and another issue presented by the pleadings tried by a referee. It seems to me that such a proceeding is quite unauthorized, is contrary to the fundamental principles upon which the trials of actions at law are based, and that in an action which from its nature is referable, or where any issue presented requires the examination of a long account and the court is satisfied, from the nature of the account and the proof necessary to sustain the cause of action, that a trial by jury is impracticable, the court should then refer the whole issues in the action to be tried by a referee. But in an action at law, if for any reason the whole issues should not be so tried, the court has no power to refer a particular issue for trial by a referee, leaving the remainder of the issues to be tried by a jury. It would appear that this action was not to be tried by a jury, and that the court would have been justified in referring all the issues for trial.

I think this order should be affirmed, with leave, however, to either party to renew the motion at Special Term to refer the whole issues in the action for trial. All concur.

---

### In re PIER OLD NO. 11, EAST RIVER.

(Supreme Court, Appellate Division, First Department. February 21, 1908.)

1. EMINENT DOMAIN—COMPENSATION—WHARFAGE RIGHTS.

By Greater New York Charter, Laws 1901, p. 351, c. 466, § 822, the commissioner of docks is authorized in his discretion, at any time, subject to the approval of the commissioners of the sinking fund, to acquire property rights in piers, and on approval, as authorized, to negotiate for a voluntary conveyance, and, in case of inability to agree on a pur-